[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT (#105)
On August 26, 1991, the plaintiff, Holloway Group, submitted a revised complaint in which it alleged that between March 14, 1990 and April 19, 1990, the plaintiff sold and delivered merchandise to the defendant, Sportsmen's Paradise, pursuant to an oral contract. The plaintiff alleges that, in accordance with this contract, the defendant owes the plaintiff $1,280.51. The plaintiff attached to the revised complaint a copy of the itemized statement of account reflecting all charge, and payments made.
On September 27, 1991, the defendant filed an answer by which it leaves the plaintiff to its proof. Thereafter, on October 3, 1991, the plaintiff filed a motion for summary judgment and attached thereto a supporting memorandum. On October 21, 1991, the defendant filed a memorandum in opposition to the motion for summary judgment.
Summary judgment is provided for in Practice Book 378-384, and is a means of eliminating the "delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277,279, 567 A.2d 829 (1980). Summary judgment "`shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990) (quoting Practice Book 384). Additionally, the trial court, in ruling on a motion for summary judgment, must "view the evidence in the light most favorable to the nonmoving party." Connell v. Colwell, 214 Conn. 242, 246-47, 571 A.2d 116
(1990).
The plaintiff, in its memorandum in support of its motion, argues that there exists no genuine issue as to any material fact and, accordingly, judgment should be entered in its favor. The plaintiff has also submitted a copy of the itemized statement of account reflecting all charges and payments made. The plaintiff has also submitted an affidavit of claim in which the credit manager of the plaintiff states that the defendant owes the plaintiff $1,280.51.
The defendant, in its memorandum opposing the motion for summary judgment, argues only that there is no genuine issue of material fact, and that the plaintiff's motion does not comply with Practice Book 380 in that the motion is not accompanied by any supporting documentation.
In the present case, the plaintiff has submitted both an affidavit of claim and all itemized statement of account. Thus, the plaintiff has presented evidence in support of the motion, and now the defendant "must present evidence that demonstrates the existence of some disputed factual issue." Burns v. Hartford Hospital, 192 Conn. 451, 455, 472 A.2d 1257
(1984). Here, the defendant merely states that there exists genuine issues CT Page 9235 of material fact. It is "not enough . . . for the opposing party merely to assert the existence of such a disputed issue." Id. Indeed, "`[m]ere assertions of fact. are insufficient to establish the existence of a material fact, and, therefore, cannot refute evidence properly presented to the court under Section 380.'" Id. (quoting Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 12, 459 A.2d 115 (1983)). The defendant must set forth "specific facts showing that there is a genuine issue for trial, and if he does not so respond, the court is entitled to rely upon the facts stated in the affidavit of the movant." Bartha, supra at 11-12. In light of the aforementioned standards, the motion for summary judgment is granted.
PICKETT, J.