[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT
The present action arises out of the purchase, by the plaintiff, of petroleum products from the defendant and the plaintiff claims to have suffered damages because the products were either nonconforming or inferior. Both parties have filed cross-motions for summary judgment asserting there is no genuine issue of CT Page 1684 material fact and that they are each entitled to a summary judgment as a matter of law to the extent requested. In the determination of such motions, the facts must be reviewed in the light most favorable to the nonmoving party and, to grant the motion, the facts must entitle the moving party to a directed verdict. Nolan v. Borkowski, 206 Conn. 495, 505 (1988); Batick v. Seymour,186 Conn. 632, 647 (1982).
The defendant has filed a motion for summary judgment asserting that, even assuming that the warranties claimed were in fact made, the plaintiff had actual knowledge of the alleged nonconformity and is therefore precluded from recovery as a matter of law. In support of its motion the defendant has filed various portions of deposition transcripts and cites various authorities establishing that knowledge of the nonconformity precludes recovery on a variety of theories including: that an affirmation of fact known to be untrue cannot form the basis of a bargain; that knowledge of nonconformity precludes reliance; that knowledge of the nonconformity would preclude the existence of implied warranties; and that knowledge of the nonconformity precludes a finding that a breach of warranty was a proximate cause of the damages claimed to have been sustained by the plaintiff.
The position asserted by the defendant generally concerns what knowledge the plaintiff had; when the plaintiff acquired that knowledge; the effect of the knowledge under the facts and circumstances of the case; and whether the conduct of the plaintiff, under the circumstances, was reasonable. See, e.g., Comment 5 to General Statutes Section 42a-2-715.
In opposition to the motion for summary judgment, the plaintiff has filed portions of deposition transcripts and affidavits which are stated as having been prepared for the purpose of either supplementing the testimony given at depositions, or for the purpose of providing additional information which was not elicited at the time of the deposition. The affidavits filed on behalf of the plaintiff relate, in part, to communications between the parties in 1982 and continuing through late 1986. These affidavits contain factual assertions relating to the representations made by the defendant and seek to provide a factual explanation of the conduct of the plaintiff under the circumstances existing during the relevant time periods. Affidavits filed by the plaintiff contain more than simply bald assertions of lack of knowledge, see, Burns v. Hartford Hospital, 192 Conn. 451, 456-459
(1984); and do not constitute, as a matter of law, "sham" factual claims under the rule of such cases as Mack v. United States,814 F.2d 120, 124-125 (2d. Cir. 1987). The effect to be given to a comparison of the deposition testimony and the affidavits is a matter to be addressed to the trier of fact. Accordingly, the court cannot conclude that, as a matter of law, the facts before CT Page 1685 the court would require the court to enter a direct verdict in favor of the defendant on this ground. Accordingly, the Motion for Summary Judgment on this ground is denied.
The defendant has also moved for a summary judgment with respect to the claims asserted pursuant to the Unfair Trade Practices Act, General Statutes Section 42-110(d) et. seq. ("CUPTA"). The defendant claims that the knowledge acquired by the plaintiff prevents the plaintiff, as a matter of law, from establishing the criteria of the "cigarette rule" as set forth in such cases as A.G. Foods, Inc. v. Pepperidge Farms, Inc., 216 Conn. 200,215 (1990). With respect to such claims the defendant also asserts that the CUPTA actions are time barred, at least in part, at virtue of the three year statute of limitations contained in General Statutes Section 42-110g(f). As they now appear before the court, the facts are in dispute as to the issue of whether a CUPTA claim is or is not presented and the determination of that issue will have to await the time of trial. The claim with respect to the statute of limitations contained in CUPTA would not prevent the assertion of a cause of action, but rather, would at most limit the time period within which damages could be recovered. Accordingly, the plaintiff's Motion for Summary Judgment, insofar as it is based on CUPTA claims, is denied.
The plaintiff has moved by cross-motion for partial summary judgment asserting that the defendant has admitted the breach of an expressed warranty. Specifically, the plaintiff claims there is no genuine issue of material fact as to whether the defendant breached an expressed warranty because a sample of diesel fuel submitted by the defendant to the plaintiff prior to the purchase of the diesel fuel claimed to have caused damage, forms the basis of the bargain and that the defendant supplied diesel fuel which differed from the sample. The material submitted by the plaintiff in support of its motion indicate that a sample of Texaco 465-2D diesel fuel was submitted to, and tested by, the plaintiff and that the test results met the plaintiff's own preferred diesel fuel specifications. The plaintiff has submitted documentation that the defendant provided the plaintiff with specifications for the Texaco 456-2D diesel fuel, and subsequently changed those specifications. The defendant has submitted documentation that while the specifications changed slightly, the properties of the fuel basically did not change.
General Statutes Section 42a-2-313 describes express warranties and, in subsection (c) thereof, provides "(A)ny sample or model which is made part of the basis of the bargain create an express warranty that the whole of the goods shall conform to the sample or model."
With respect to a sale by sample, our courts, albeit prior to CT Page 1686 the enactment of the Uniform Commercial Code, have adopted the following principles: "(I)n order that this principle may be applied, it is necessary, in making the sale, that the sample should be so used between the buyer and seller, as to express or to become part of the contract; . . . The mere exhibition of a sample by the seller, and examination by the buyer, does not amount to such an averment, unless, from all the facts and circumstances of the case, it can be presumed that an understanding is arrived at between the parties, that the bulk is to correspond with the sample; . . . The reasonable deduction from these cases is, that to effect a sale by sample, so as to bind the seller for a correspondence in bulk, it must be shown that the seller adopts the sample as his own description of the bulk, and that the buyer concludes the purchase upon the faith and credit of the description so given. Upon this theory, it is obvious that in making sales, samples may be exhibited and examined without implying, as part of the contract of sale, any obligation that the bulk shall correspond with the sample." Lockwood, Jr., Inc., v. Gross Co., Inc.,99 Conn. 296, 303 (1923).
The court cannot conclude, as a matter of law, that, under the fact and circumstances here presented, the Texaco 456-2D diesel fuel "sample" constituted "part of the basis of the bargain." The existence of an such expressed warranty, and its scope, if any, presents questions to be determined by the trier of fact. See, e.g., Melotz v. Scheckla, 801 P.2d 593, 597 (Mont. 1990).
Accordingly, the Motion for Summary Judgment filed on behalf of the defendant and the Motion for Summary Judgment filed on behalf of the plaintiff are both hereby denied.
RUSH, J.