[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT
On May 6, 1991, the plaintiff, Connecticut National Bank ("CNB"), filed a complaint against the defendant, John P. Febbroriello. The plaintiff alleged that, as of November 9, 1988, Mr. Febbroriello owed CNB $200,000.00, plus interest, as evidenced by a promissory note. That note provides, inter alia, that in the event of default, said indebtedness shall become immediately due and owing. The plaintiff contends that the defendant has defaulted and has since failed and neglected to pay the outstanding balance due and owing on the note.
On July 15, 1991, Mr. Febbroriello filed an answer in which he admitted all of the allegations contained in the complaint. Mr. Febbroriello also asserted special defenses in which he claims "a set off in a judgment that may be rendered in this case against any judgment obtained against the plaintiff here in [the case of Febbroriello v. Chester, DN CV-91 0056475S]." On April 9, 1992, the plaintiff replied to the special defenses by denying the allegations contained therein. On June 11, 1992, the plaintiff filed a motion for summary judgment and attached thereto a supporting memorandum, an affidavit, an exhibits. On June 29, 1992, Mr. Febbroriello filed an objection to the motion for summary judgment. This objection consisted of the assertion that there are genuine issues as to material facts and, therefore, the motion for summary judgment should be denied. Attached to this objection was the defendant's affidavit.
Summary judgment is provided for in Practice Book 378-384, and is a means of eliminating the "delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277,279, 567 A.2d 829 (1980). Summary judgment "`shall be rendered forthwith if CT Page 7111 the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990) (quoting Practice Book 384) (emphasis added). "`Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under [Practice Book] 380.'" Burns v. Hartford Hospital, 192 Conn. 451, 455, 472 A.2d 1257
(1984). Additionally, the trial court, in ruling on a motion for summary judgment, must "view the evidence in the light most favorable to the nonmoving party." Connell v. Colwell, 214 Conn. 242, 246-47, 571 A.2d 116
(1990).
In the present matter, the defendant has admitted all of the allegations of the complaint. Therefore, he essentially relies upon his special defenses which, as was noted, supra, claim a set off. However, a special defense asserting a set off is legally insufficient. See. e.g., Wiggins v. Johnson,1 CTLR 228 (January 25, 1990, Corrigan, J.); Vining v. Capone, 1 CTLR 499
(April 12, 1990, Meadow, J.) Consequently, because the defendant has admitted all of the allegations of the complaint, there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Hammer, supra.
PICKETT, J.