[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 10068
Should the court grant the intervening plaintiff's motion for summary judgment on the defendant's counterclaim on the ground that there is no evidence to support the existence of the contractual relationship upon which the counterclaim is based?
On December 19, 1989, the plaintiff, Michael P. Dugas, filed a complaint against the defendant, Taylor 
Taylor Trucking, Inc. (Taylor), alleging that he was injured while operating a tractor trailer owned by Taylor and leased to the Stone Container Corporation (Stone). The plaintiff alleges that the defendant was negligent in its maintenance of the trailer.
At the time of the accident, Dugas was employed by DTS Trucking, Inc. (DTS). The accident occurred while Dugas was working at a facility owned by Stone.
On January 18, 1990, DTS intervened in the action between Dugas and Taylor seeking reimbursement for worker's compensation payments DTS paid Dugas.
On October 24, 1990, Taylor filed a counterclaim against DTS. In count one of the counterclaim, Taylor alleges the following: (1) Taylor and Stone entered into a contractual agreement with DTS for DTS employees to work with Taylor's trucks at Stone's facility; (2) part of the contractual agreement required DTS to insure Taylor for potential liability arising from DTS employees working with Taylor trucks; (3) the agreement prohibited DTS employees from working with Taylor's trucks until Taylor was insured; and (4) DTS failed to insure Taylor and allowed its employees to work with Taylor's trucks in breach of said contractual agreement.
In count two, Taylor alleges that per the alleged contractual agreement between Taylor and DTS, DTS was to hold Taylor harmless for any and all injuries for which Taylor may be liable. Therefore, Taylor alleges that in the event it is found liable and responsible in the action between Taylor and CT Page 10069 Dugas, then DTS, has assumed that liability.
Based on these allegations, Taylor seeks indemnification from DTS for any adverse judgment in the underlying action.
On June 8, 1992, DTS filed a motion for summary judgment on Taylor's counterclaim. In its memorandum of law in support of the motion, DTS argues that there is no evidence that there was any type of contractual agreement between itself and Taylor. Therefore, DTS argues that since there is no evidence to support the contract and since the contract is the basis for Taylor's claim, then DTS is entitled to judgment as a matter of law. The motion and memorandum is accompanied by the affidavit of Richard Trayner, the president of DTS. In the affidavit, Trayner denied that a contractual agreement existed between DTS and Taylor. Also attached to the memorandum and affidavit were the following:
 (1) a copy of Taylor's answer to Dugas' complaint and counterclaim against DTS marked as "Exhibit A."
 (2) excerpts from the deposition of Charles McCarthy marked as "Exhibit B".
 (3) a memo, marked "Exhibit C", which was was generated by Stone and describes the procedure used at the Stone facility for docking and loading trucks.
 (4) a letter, marked "Exhibit D", from Taylor to Stone, which shows Taylor inquiring about the insurance provisions for individuals working with Taylor's trucks at Stone's facility.
 (5) a "Certificate of Insurance", marked "Exhibit E", which names DTS as the insured and Taylor as the certificate holder. The issue date is September 14, 1988.
On October 9, 1992, the defendant Taylor filed a CT Page 10070 memorandum of law in opposition to DTS' motion for summary judgment. In the memorandum Taylor argues that Trayner's deposition indicates that Trayner in fact had knowledge of the agreement between Taylor and DTS and of the provisions for insurance. Taylor argues that the evidence attached to the memorandum demonstrates that DTS had knowledge of a contract between itself and Taylor that included insurance provisions and further acted in accordance with the existence of such a contract. A copy of the relevant portions of the transcript of Trayner's deposition is attached to the motion.
The memorandum is also accompanied by the affidavit of Mary McCarthy, the vice-president of Taylor Taylor Trucking, Inc. Attached to the affidavit are the following:
 (1) a memo, marked "Exhibit 2", which was generated by Stone and describes the procedure used at the Stone facility for docking and loading trucks.
 (2) a letter, marked "Exhibit 3", from Taylor to Stone, which shows Taylor inquiring about the insurance provisions for individuals working with Taylor's trucks at Stone's facility.
 (3) two "Certificate of Insurance", marked "Exhibit 4", which name DTS as the insured and Taylor as the certificate holder. The issue date of one is September 14, 1988. The issue date of the other is August 2, 1989.
 (4) copies of portions of the deposition of a party involved in the action. The identity of the deposee is not given in the affidavit.
The pleadings are closed between the two parties.
A motion for summary judgment may be filed by any party at any time, addressed to the claim or counterclaim, after the pleadings are closed as between the parties to the motion. Practice Book 379.
CT Page 10071 A trial court may appropriately render summary judgment "if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book 384; Connecticut Bank Trust Co. v. Carriage lane Associates,219 Conn. 772, 780-81, 594 A.2d 952 (1991).
The party moving for summary judgment has the burden of proving the absence of a dispute as to any material fact. Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031
(1988). "A `material' fact has been defined adequately and simply as a fact which will make a difference in the result of the case." United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 379, 260 A.2d 596 (1969). The court must view the evidence in the light most favorable to the nonmovant. State v. Goggin, 208 Conn. 606, 616,546 A.2d 250 (1978).
"Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue." Burns v. Hartford Hospital,192 Conn. 451, 455, 472 A.2d 1257 (1984). "It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue." Goggin, supra, 616. "To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts in accordance with Practice Book 380 and 381 which contradict those stated in the movant's affidavits and documents." Id., 616-17.
"A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." Practice Book 380. Supporting and opposing affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to matters stated therein." Practice Book 381.
The defendant Taylor's counterclaim alleges that a contractual relationship existed between itself and the plaintiff, DTS. Taylor alleges that the terms of that contractual relationship included DTS' promise to insure CT Page 10072 Taylor, to hold Taylor harmless for any liability, and to not work with any Taylor trucks until Taylor was added as an insured. DTS in turn alleges, as the basis of its motion for summary judgment, that this contractual relationship never existed. In support of its contention, DTS submitted affidavits and other documents which it alleges show that no contractual relationship existed between itself and Taylor. Taylor responded with appropriate evidence that it claims supports its allegations of a contractual relationship.
For example, in the affidavit of Richard Trayner, the president of DTS, Trayner states that:
 5. At no time prior to September 1, 1988 or anytime thereafter did I or anyone on behalf of DTS make any representations, oral or written, to any representative of Taylor Taylor whereby DTS employees would jockey trucks at the Stone Container Corporation. . . .
Notwithstanding Trayner's (and thus DTS') claimed lack of knowledge of working with Taylor, Taylor points out that in his deposition, Trayner stated that he was aware that DTS employees were working with Taylor trucks on the Stone property. (See "Exhibit A" attached to "Defendant's Objection to Intervening Plaintiff DTS Trucking, Inc.'s Motion for Summary Judgment.")
Further, Trayner asserts in his affidavit that:
 6. At no time prior to September 1, 1988 or at anytime thereafter did I or anyone on behalf of DTS make representations, oral or written, to any representative of Taylor Taylor whereby DTS was to add Stone Container and Taylor Taylor as additional insured on a policy of insurance.
Notwithstanding, Taylor contends that Trayner states in his deposition that he (Trayner) was aware of Interstate Commerce Commission regulations which require DTS to insure Taylor against injuries to DTS employees while working with Taylor trucks. (See "Exhibit B" attached to "Defendant's Objection to Intervening Plaintiff DTS Trucking, Inc.'s Motion for CT Page 10073 Summary Judgment.") Further, in his deposition, Trayner states that he received a request from Stone for a certificate of insurance for an additional insured. In fact, DTS' insurance company issued a certificate of insurance naming Taylor as an insured party. (See "Exhibit J" attached to "Defendant's Objection to Intervening Plaintiff DTS Trucking, Inc.'s Motion for Summary Judgment.")
This evidence, if viewed in a light most favorable to the nonmovant Taylor, sufficiency alleges facts that contradict the claims of DTS. Further, these facts are material in that they are "facts which will make a difference in the outcome of the case." United Oil Co., supra, 364. Therefore, the movant, DTS has not met its burden of showing no dispute as to material facts. The court hereby denies its motion for summary judgment.
Hurley, J.