[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT OF DEFENDANT
I.
The plaintiff is Equitable Life Assurance Society of the United States ("Equitable"). The defendants are Erik C. Rasmussen ("Rasmussen") and Kent S. Baker, Administrator of the Estate of Loreli Tay Rasmussen ("Baker").
On May 7, 1991, Equitable filed a one-count complaint against Rasmussen and Baker in his capacity as Administrator of the Estate of Loreli Tay Rasmussen. In its complaint, Equitable alleges that: (1) on June 6, 1987, Equitable issued an insurance policy with a face value of one hundred thousand dollars on the life of Loreli Tay Rasmussen (the deceased wife of the defendant Rasmussen), the named insured under the policy; (2) the defendant Rasmussen was named beneficiary of the policy; (3) no contingent beneficiary was named in the policy at the time it was issued or at any time thereafter; (4) the insured died on May 5, 1988 and thereafter the principal of the insurance policy became due and payable; (5) the insured was not survived by any children; (6) on December 13, 1990, Rasmussen was convicted of murdering his wife (the insured) pursuant to General Statutes53a-54a; (7) General Statutes 45-279(c)(1)[1] provides that a named beneficiary of a life insurance policy who intentionally caused the death of the insured is not entitled to any benefit under CT Page 6620-C the policy and said policy becomes payable as though the beneficiary predeceased the insured; (8) General Statutes 45-279(c)(2)[2]
provides in part that a conviction under 53a-54a shall be conclusive for purposes of this section; (9) the policy provides that if the named beneficiary does not survive the insured, payment of policy proceeds will be made to the insured's estate; (10) Kent S. Baker was named Administrator of the Estate of Loreli Tay Rasmussen by the Montville Probate Court, and duly qualified as such; (11) the defendant Rasmussen appealed his conviction to the Connecticut Supreme Court, and the appeal is pending. Equitable adds that there is no precedent as to the status of the insurance proceeds and the rights of the parties entitled thereto during the pendency of the appeal. Therefore, because the defendants have been unable to agree as to who is entitled to the policy proceeds, Equitable sought an interlocutory judgment requesting the defendants to interplead together concerning their claims to the policy proceeds. Further, Equitable seeks a discharge of liability to the defendants upon payment of the policy proceeds to a party per an order of the court.
On August 11, 1991, the court, Hendel, J., ordered that the defendants Baker and Rasmussen interplead together by answers stating their respective claims to the proceeds of the policies and both defendants have filed statements of claims to the proceeds. CT Page 6620-D
On March 16, 1993, the Connecticut Supreme Court affirmed Rasmussen's conviction (one justice dissenting). See State v. Rasmussen, 225 Conn. 55 (1993). On March 23, 1993, Baker filed a motion for summary judgment seeking orders that Equitable and Combined to pay over the proceeds of their policies to the estate of the insured. In his memorandum of law, BaKer argues that summary judgment is appropriate on the ground that pursuant to General Statutes 45a-447(c)(1) and (c)(2), Rasmussen's conviction of murder of the insured bars Rasmussen from recovery of the life insurance proceeds, and therefore, the proceeds of the policies must be paid to the decedent's estate. Attached to the motion is Baker's affidavit in which Baker states that he is the Administrator of the Estate of Loreli Tay Rasmussen, and a copy of his certificate of appointment dated March 15, 1989.[4]
On April 21, 1993, the defendant Rasmussen filed an objection to Baker's motion of summary judgment on the ground that he is pursuing an appeal of his criminal conviction and further that a dispute has arisen as to who will represent the decedent's estate. Attached to his objection is a copy of an application to remove Baker as administrator of Loreli Rasmussen's estate.
II. CT Page 6620-E
A motion for summary judgment may be filed by any party at any time, addressed to the claim or counterclaim, after the pleadings are closed as between the parties to the motion. Practice Book 379.
A trial court may appropriately render summary judgment "if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book 384; Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 780-81 (1991).
The party moving for summary judgment has the burden of proving the absence of a dispute as to any material fact. Nolan v. Borkowski, 206 Conn. 495, 500 (1988). "A `material' fact has been defined adequately and simply as a fact which will make a difference in the result of the case." United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 379 (1969). The court must view the evidence in the light most favourable [favorable] to the nonmovant. State v. Goggin, 208 Conn. 606, 616 (1988).
"A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, CT Page 6620-F disclosures, written admissions and the like." Practice Book 380. Supporting and opposing affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Practice Book 381. General Statutes45a-447(c)(1) and (c)(2) (formerly 45-279) provide in relevant part:
 (c)(1) A named beneficiary of a life insurance policy who intentionally causes the death of the person upon whose life the policy is issued is not entitled to any benefit under the policy. . ., and the policy becomes payable as though such beneficiary had predeceased the decedent. (2) A conviction under section 53a-54a, 53a-54b, 53a-54c, 53a-54d, 53a-55 or 53a-55a, shall be conclusive for purposes of this subsection. In the absence of such a conviction, the superior court may determine by the common law, including equity, whether the named beneficiary is entitled to any benefit under the policy. . . . In any proceeding brought under this subsection, the burden of proof shall be upon the person challenging the eligibility of the named beneficiary for benefits under a life insurance policy. . . .
Baker cites to this statute in support of his motion for summary judgment because Rasmussen's conviction was affirmed by CT Page 6620-G the Connecticut Supreme Court. The "evidence" presented by Baker is the citation to the Supreme Court's opinion affirming Rasmussen's conviction. Rasmussen argues that summary judgment is not appropriate because he is pursuing a federal appeal of his conviction. However Rasmussen has presented no evidence of such an appeal. Nor has he presented any evidence of any collateral attack on the judgment of his conviction of murder. Nor has Rasmussen filed a counteraffidavit in support of his position. "Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue." Burns v. Hartford Hospital, 192 Conn. 451, 455 (1984) "It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue." Goggin, supra, 616. "To oppose a motion for summary judgment successfully, the non-movant must recite specific facts in accordance with Practice Book 380 and 381 which contradict those stated in the movant's affidavits and documents." Id., 616-17.
Rasmussen has failed to show the existence of any disputed issue of a material fact which would make summary judgment inappropriate.
Rasmussen asserts that a dispute over who shall administer the decedent's estate renders summary judgment inappropriate. CT Page 6620-H However, there is no indication that such a dispute is relevant or material to the disposition of this case, and this claim has no merit. Moreover, counsel for Rasmussen withdrew this claim during oral argument. It is also immaterial that Baker's certificate of appointment is outdated, as any successor administrator would succeed to all of his powers and duties including the right to maintain this action. See General Statutes 45a-242 and 45a-244.
As General Statutes 45a-447(c)(2) provides that a conviction of murder under 53-54a[5] is conclusive for the purposes of45a-447(c)(1), the court concludes that there is no doubt that the defendant Rasmussen intentionally caused the death of his wife, the named insured under the policies. Accordingly, Baker has met his burden of showing that there is no genuine dispute over the existence of a material fact with respect to the entitlement of the insurance proceeds, and the defendant administrator is entitled to judgment as a matter of law.
The motion for summary judgment is therefore granted. As the policies do not provide for a contingent beneficiary, the proceeds of said life insurance policies held by the plaintiff, Equitable, and the intervening plaintiff, Combined, are ordered to be paid to the duly appointed and qualified administrator of the estate of the insured, Loreli Tay Rasmussen, free of any claims of the defendant Rasmussen, for distribution according to law. CT Page 6620-I