Anita H. Hartmann, Administratrix (Estate of William Wordie) *v.* Richard J. Smith et al., Trustees of the Property of the New York, New Haven and Hartford Railroad Company

King, C. J., Alcorn, House, Thim and Ryan, Js.

Argued May 8—decided May 13, 1969

*Arthur Levy, Jr.,* with whom, on the brief, was *Irwin E. Friedman,* for the appellant (plaintiff).

*Joseph P. Cooney,* with whom, on the brief, were *John D. McHugh* and *David T. Ryan,* for the appellees (defendants).

Per Curiam. The plaintiff, on appeal to this court, claimed for the first time that the defendants' motion for summary judgment should not have been granted because the defendants had not filed an answer to her complaint. Practice Book § 298. Because the question was not raised in or decided by the trial court, we decline to consider it. Practice Book §§ 223, 652.

The plaintiff's counter affidavit in opposition to the motion for summary judgment presented no genuine issue of fact as to whether the decedent,

whose body was found on the tracks of the New Haven Railroad, had been a passenger on the defendants' train or as to how he met his death. It is not enough that one opposing a motion for a summary judgment claims there is a genuine issue of material fact; some evidence showing the existence of such an issue must be presented in the counter affidavit. Practice Book §§ 299, 300; *Boyce v. Merchants Fire Ins. Co.,* 204 F. Sup. 311, 314 (D. Conn.); *Kasowitz v. Mutual Construction Co.,* 154 Conn. 607, 613, 228 A.2d 149. The court therefore properly granted the motion for summary judgment.

There is no error.