[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (No. 117)
Plaintiff, Dime Savings Bank of New York, brought this action to foreclose a first mortgage on premises now owned by the defendant Pearl-Main Investment Company ("Pearl-Main").
Pearl-Main has moved for summary judgment claiming that there is no genuine issue of material fact and that it is entitled to judgment. This claim is based on an affidavit of a Pearl-Main vice president that plaintiff's mortgage is paid in full. The claim of full payment rests on Pearl-Main's contention that it is not liable for certain interest amounts claimed by plaintiff because of Connecticut General Statutes49-10a. That statute states:
 Whenever an assignment of any mortgage on real estate located in this state is made in writing to any person, the mortgagee shall, upon written request of the mortgagor or his attorney or other authorized agent provide a payoff statement in writing to the person requesting such statement on or before the date specified in such request, provided such request date is at least ten business days from the date of receipt of the written request for a payoff statement. If the mortgagee fails to provide such payoff statement on or before such request date, the mortgagee shall not be entitled to the payment of any interest on the mortgage loan which is secured by such mortgage which accrues after the expiration of such request date; provided if the mortgagee provides the payoff statement to the person requesting the same after the expiration of such CT Page 4002 request date, interest on the loan which accrues after the receipt of such payoff statement by the person who has requested it shall again be payable. The burden of proof shall be on the mortgagor with respect to the receipt by the mortgagee of the mortgagor's request for a payoff statement of the mortgage, and thereafter shall be on the mortgagee with respect to the receipt of the payoff statement by the mortgagor or his attorney or other authorized agent.
Connecticut Practice Book 384 provides for summary judgment when "the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Burns v. Hartford Hospital, 192 Conn. 451, 455
(1984).
Pearl-Main claims that because it purchased the premises at a foreclosure sale it "stands in the shoes" of the mortgagor (Goritz) whose interest was foreclosed. Pearl-Main requested a pay off statement from plaintiff by letters dated June 29, 1988 and July 18, 1988. Both requests were made before Pearl-Main acquired title to the property.
Plaintiff claims that:
1. Connecticut General Statutes 49-10a only applies where there is a mortgagor-mortgagee relationship; 2. even assuming that Pearl-Main became a "mortgagor", the requests were ineffective as they were made before Pearl-Main Book title; and, 3. there are genuine issues of material fact.
The court agrees with each of the plaintiff's claims. Pearl-Main's claim that it became the "mortgagor" when it took title by way of a foreclosure sale is without merit. The mortgagor-mortgagee relationship is created by agreement where an underlying obligation is secured by property. Pearl-Main's position is similar to that of a buyer of property who takes subject to a mortgage. The property is subject to the mortgage, but the buyer does not become liable on the underlying obligation. In this situation if there were a foreclosure, the buyer would not be liable for any deficiencies.
The court is certain that Pearl-Main would disclaim any liability for any deficiency in the instant case or any liability on the underlying note. CT Page 4003
Pearl-Main bought the property at a foreclosure sale but never became a mortgagor. For that reason, the motion must be denied.
Even if Pearl-Main were considered to be a "mortgagor" upon taking title, the two requests for a pay off were made prior to title vesting and could not trigger a cessation of interest under the statute.
Finally, the statute itself puts the burden of proving the receipt of the request on the mortgagor. When and if the request was received is material because the receipt of the request triggers the statute. Pearl-Main's documents do not offer any proof on this issue.
For all these reasons, the motion for summary judgment is denied.
E. EUGENE SPEAR, JUDGE.