[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS FOR SUMMARY JUDGMENT
In these consolidated actions, Tandy Electronics seeks to CT Page 5375 recover balances due from Null under a lease of computer equipment and Null seeks damages from Tandy Electronics of breach of contract and CUTPA violations.
Plaintiff, Tandy Electronics, Inc., alleges the following facts in its complaint. On or about September 21, 1984, defendant, Null, entered into a lease agreement with Tandy Computer Leasing, a division of Tandy Electronics, Inc., for the lease of certain computer equipment. Pursuant to the lease, defendant Null agreed to make certain payments to the, plaintiff. Defendant Null failed to make certain payments due on the equipment and such equipment was subsequently repossessed by Tandy Electronics, Inc. A default balance remains due and owing on the lease. Plaintiff's complaint seeks money damages, reasonable attorney's fees, costs and such other relief as the court deems necessary.
Defendant Null filed an answer and special defenses to plaintiff's complaint in case No. CV88-0345389 of January 31, 1989, alleging that a representative of plaintiff Tandy Electronics, Inc., made false representations to her at the time of purchase. Defendant further alleges in her special defenses that "based on the plaintiff's representation, the defendant contracted with Tandy Computer Leasing, for the leasing of computer hardware and the purchase of computer software from Radio Shack. Plaintiff expressly warranted that said computer hardware and software would be suitable for the defendant's needs." Defendant further alleges that said warranty was breached and that the computer and soft ware was not suitable for the defendant's needs. Plaintiff filed a reply to defendant's special defenses on December 1, 1989, thereby closing the pleadings in CV88-345389.
On February 26, 1991, Tandy Electronics filed motions for summary judgment in both cases on the ground that no genuine issue of material fact exists as to either complaint and that it is entitled to summary judgment as a matter of law,
"A trial court may appropriately render summary judgment when the documents submitted demonstrate that there is no genuine issue of material fact remaining between the parties and that the moving party is entitled to judgment as a matter of law. Practice Bk. 384." Burns v. Hartford Hospital, 192 Conn. 451,455 (1984). The party moving for summary judgment bears the nonexistence of any genuine issue of material fact and that he is entitled to judgment as a matter of law. Yanow v. Teal Industries, 178 Conn. 262, 268 (1979).
Plaintiff relies on excerpts of Null's deposition testimony in support of its position that no genuine issue of material CT Page 5376 fact exists regarding defendant's special defenses. Specifically, plaintiff maintains that Null testified at the deposition that the plaintiff did not make any warranties to defendant. Plaintiff, therefore, argues that Null "has failed to sustain her burden of proof [on her special defenses] and Tandy Electronics, Inc., should be granted summary judgment on the defendant's special defenses as a matter of law."
Defendant Null maintains that a genuine issue of material fact exists as to whether an agency relationship existed between the salesperson at Radio Shack and Tandy Electronics, at the time Null entered into the lease agreement, and in support of her position supplies excerpts of her deposition testimony.
The court concludes that a genuine issue of material fact as to the relationship of the parties exists, and that Tandy Electronics has failed to satisfy its burden of proof.
The motions for summary judgment dated February 26, 1991 are denied.
WAGNER, J.