[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: SUMMARY JUDGMENT
The plaintiff brought suit against Thomas Fitzpatrick and Margaret Fitzpatrick allegedly d/b/a Fitzpatrick Construction claiming that the defendants failed to pay for goods sold and delivered.
The action was withdrawn as to defendant Thomas Fitzpatrick who was discharged in bankruptcy. Plaintiff's claim against Margaret Fitzpatrick rests solely on the provisions of a mortgage deed appended to its objections to the, motion for summary judgment wherein the mortgagors are described as "Thomas A. Fitzpatrick. Jr. and Margaret S. Fitzpatrick of Fitzpatrick Construction Company." The defendant Margaret Fitzpatrick moved for summary judgment claiming that she was in no want involved in her husband Thomas' construction business and simply signed a note for an equity line of credit to be used in her husband's business. This line of credit was secured by a mortgage on their jointly owned home at 108 Nash Lane in Bridgeport. Connecticut.
A court may appropriately render summary judgment if it is clear on the documents that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Practice Book 384, Yanow v. Teal Industries, Inc. 178 Conn. 262 (1979) Burns v. Hartford Hospital.192 Conn. 451 (1984).
The affidavits and documents submitted by, defendant Margaret Fitzpatrick demonstrate that she was in no way involved in the construction business. Alan P. Link. CPA, was the construction company's accountant and he submitted an affidavit that he had prepared the tax returns for the business as a sole proprietorship owned by Thomas Fitzpatrick since 1984. Defendant Margaret Fitzpatrick submitted her affidavit that she simply signed the note and deed to allow her husband access to a line of credit to be used in business. As the bank wanted the line of credit secured by a mortgage she had to sign as a joint owner to allow her husband to obtain the financing for his business.
Plaintiff claims that there is a material issue of fact as to whether or not defendant Margaret Fitzpatrick was an owner of the business, however, the only document submitted is a copy of the mortgage deed referenced above. That reference alone does not create a genuine issue of material fact. If plaintiff had evidence that defendant Margaret Fitzpatrick was an owner of the business it certainly could have brought such evidence forth, yet it failed to do so.
On the documents submitted the court is satisfied that CT Page 2351 there is no genuine issue of material fact and that judgment ought to enter for the defendant Margaret Fitzpatrick as a matter of law.
The Motion for Summary Judgment is granted.
SPEAR, JUDGE