[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
In this case, plaintiffs Barbara and Theodore Muchler have sued defendant Kenneth E. Sokolowski, D.P.M., to recover damages for injuries they claim to have suffered as a result of the defendant's alleged negligence and/or recklessness in the care and treatment of Mrs. Muchler before, during and after performing surgery on her left great toe on October 5, 1987. In the first three counts of the Complaint, plaintiff Barbara Muchler has charged the defendant with podiatric malpractice, unintentional infliction of emotional distress and wanton or willful misconduct.[1] In the fourth count of the Complaint, co-plaintiff Theodore Muchler has sued the defendant for the resulting loss of his wife's consortium.[2]
Dr. Sokolowski has both denied the plaintiffs' claims and CT Page 320 pleaded as a special defense that each such claim is barred by Connecticut General Statutes 52-584 and 52-190a(b), Connecticut's applicable statutes of limitations. Indeed, he has now moved this Court to grant him summary judgment, claiming that the materials submitted along with his Motion entitle him to judgment as a matter of law because they eliminate any genuine issue as to the essential elements of his statute-of-limitations defense.
 I.
A party is entitled to summary judgment wherever "the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Conn. Prac. Bk. 384. "The party seeking summary judgment has the burden of showing the non-existence of any material fact." Strada v. Connecticut Newspapers, 193 Conn. 313, 317 (1984). To meet this burden, he must first establish that the fact as to which he claims that there is no genuine issue is indeed a "material fact" — that is, a "fact that will make a difference in the case." Yanow v. Teal Industries, Inc.,178 Conn. 262, 268-69 (1979). If he succeeds in this initial demonstration, he must go on to prove that the materials submitted along with his motion, when considered in the light most favorable to his opponent, so conclusively establish the existence of that fact as to eliminate any genuine issue thereon. Conn. Prac. Bk. 384. Only if he makes both showings should his motion for summary judgment be granted.
 II.
In Connecticut, the statute of limitations is an affirmative defense which must be specially pleaded. Conn. Prac. Bk. 164. Therefore, a plaintiff is not required to plead or prove that his lawsuit was filed within the time allowed by the statute of limitations.
When, however, a defendant raises the statute of limitations as a special defense, the essential elements of that defense become "material facts" which, if proven at trial, will entitle the defendant to judgment as a matter of law. Therefore, when the materials submitted in support of a defendant's motion for summary judgment incontrovertibly establish all the essential elements of his statute-of-limitations CT Page 321 defense, his motion must be granted.
 III.
At all times relevant to this case, General Statutes52-584 has provided as follows:
 No action to recover damages for injury to the person, . . . caused by negligence, or by reckless or wanton misconduct, or by malpractice of a . . . podiatrist . . ., shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of. . . .
Under this statute, any potential plaintiff who wishes to sue her podiatrist for malpractice, negligence or reckless or wanton misconduct based on the podiatrist's alleged acts or omissions in the care or treatment of the plaintiff must file her lawsuit within two years of the date on which the plaintiff first sustained, discovered or should in the exercise of reasonable care have discovered his injury, but in no event later than three years from the date of the act or omission complained of.
At all times relevant to this case, 52-190a(b) of the General Statutes has provided that any person considering filing a malpractice action against a podiatrist or any other health care provider can obtain an automatic 90-day extension of the above-described limitations period to allow for the conduct of a "reasonable inquiry . . . to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant." The effect of the granting of such an extension is simply to extend by three months, from two years to twenty-seven months, the time within which a potential plaintiff must commence her malpractice lawsuit after she first sustained, discovered or should in the exercise of reasonable care have discovered her injury.
A party sustains "injury", within the meaning of 52-584
whenever she "suffers some form of actionable harm." Burns v. CT Page 322 Hartford Hospital, 192 Conn. 451, 460 (1984). "Actionable harm" is any harm that has been so caused or inflicted as to create, in the person or persons who caused or inflicted it, a legal liability to pay damages to the person who has been harmed.
A plaintiff discovers that she has suffered "some form of actionable harm" when she first becomes aware of facts tending to show that the defendant is legally liable to pay her damages for that harm. Thus, though she need not then be aware of the full extent of any harm she has suffered, or of the precise legal theory on which an action seeking to recover damages for that harm may be maintained, she must at least be aware of facts tending to establish all the essential elements of a valid cause of action based on the defendant's causation of that harm.
The essential elements of a claim for podiatric malpractice are as follows: (1) that the defendant was a licensed podiatrist and the plaintiff was his patient; (2) that while treating the plaintiff in the course of their podiatrist-patient relationship, the defendant failed to exercise that degree of care, skill and/or diligence which others in his medical specialty would have exercised under like circumstances; and (3) that the defendant's failure to treat the plaintiff in accordance with the prevailing standard of care was a substantial factor in bringing about the plaintiff's injuries. Therefore, the two-year limitations period for commencing a malpractice action against a podiatrist begins when the patient first sustains, discovers, or should in the exercise of reasonable care have discovered that her podiatrist's professionally negligent care or treatment has caused her injury.
In support of his Motion for Summary Judgment, the defendant has filed a lengthy memorandum of law accompanied by several attached exhibits. The exhibits include the defendant's own sworn affidavit and selected excerpts from Mrs. Muchler's deposition in this case. The defendant correctly argues that those materials tend to establish the following facts: (1) that plaintiff Barbara Muchler's last visit to his office concerning the painful condition which led to the October 5, 1987 surgery on her left great toe was on November 20, 1987; (2) that on or very shortly after November 20, 1987, but in no event later than January 1, 1988, Mrs. CT Page 323 Muchler came to feel that "something wasn't done right" when Dr. Sokolowski operated on her left great toe; Muchler Deposition at 67 (Defendant's Exhibit N); (3) that on September 25, 1989, plaintiff Barbara Muchler sought and obtained an automatic 90-day extension of the two-year statute of limitations under the provisions of General Statutes52-190a(b); and (4) that Mrs. Muchler and her husband did not commence this lawsuit until July 9, 1990 — more than twenty-seven months after the last date by which Mrs. Muchler claims in her deposition to have discovered that the continuing pain in her foot was caused by the improper care and treatment of Dr. Sokolowski.
If all of the foregoing facts were proved at trial, the defendant would clearly be entitled to prevail on his statute-of-limitations defense. Here, however, as in the consideration of every motion for summary judgment, this Court must not decide the merits of the defendant's claim, but must examine all the materials submitted by both parties to determine if there remains any genuine issue of material fact on any essential element of that claim. If such an issue remains, the Motion must be denied and the parties must be left to their proof at trial.
In this case, the plaintiffs have opposed the defendant's Motion by filing their own memorandum of law and supporting materials. Included in those materials is the sworn affidavit of plaintiff Barbara Mulcher.
In her affidavit, Mrs. Muchler explicitly makes the following sworn statements:
 4. Between October 5, 1987 and November 20, 1987, I made four post-surgical visits to the defendant's office as follow-up to the October 5, 1987 surgery.
 5. At each of the four visits, I informed the defendant of the continued pain and discomfort in my left great toe. At each visit the defendant assured me that my condition was improving and would continue to improve.
 6. From November 20, 1987 to January 9, 1989, I relied upon the defendant's representations that the pain and discomfort in my left great toe would CT Page 324 improve.
 7. On January 9, 1989, I had a scheduled appointment with the defendant for examination and consultation with regard to the continued pain and discomfort in my left great toe.
 8. At the January 9, 1989 appointment, the defendant recommended that he perform a second surgery on my left great toe.
 9. On January 9, 1989, I discovered that the defendant had harmed me in the October 5, 1987 surgery. I refused to let the defendant perform a second surgery on my left great toe.
 10. On January 11, 1989, I consulted with Marc Baer, D.P.M. for a second opinion regarding the pain and discomfort in my left great toe.
If these facts were believed by the trier of fact, the defendant's statute-of-limitations defense could easily be rejected. In that event, the jury would necessarily find that this lawsuit was commenced well within twenty-seven months of Mrs. Muchler's discovery that Dr. Sokolowski's negligence or recklessness had caused her injury. They could reasonably find as well that this lawsuit was filed within twenty-seven months of the date by which she should, in the exercise of reasonable care, have discovered that injury.
For all of the foregoing reasons, this Court finds that there remains a genuine issue of material fact as to the defendant's statute-of-limitations defense. Therefore, the defendants Motion for Summary Judgment is denied.
Sheldon, J.