[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
In complaint returnable to this court on December 3, 1993, the plaintiff seeks to foreclose an attachment dated December 27, 1988 and a judgment lien obtained by the defendant against Winthrop E. Baum pursuant to § 49-30 of the General Statutes. These encumbrances were recorded against certain real estate formerly owned by Baum known as 73-102 Clinton Avenue in Bridgeport.
On September 26, 1994, the defendant filed a motion for summary judgment in accordance with Practice Book § 378 and attached thereto an affidavit and a copy of a release of said attachment and judgment lien alleging that there is no genuine issue of fact to decide.
Some of the relevant background facts are not in dispute. On January 17, 1990, the plaintiffs purchased at public auction the real estate in question pursuant to a foreclosure by sale brought by Omnibank, the holder of the first mortgage. On April 14, 1990, the plaintiffs sold this property by warranty deed to David B. Chase and Ann L. Chase (Chase). Subsequently, the Chase's brought an action on the warranty deed against the plaintiffs and recovered a judgment of $110,000. The plaintiffs allege that the defendant has received an assignment of this $110,000 judgment from the Chase's. On September 17, 1994, the defendants released the attachment and judgment lien recorded against this property originally owned by Baum.
The plaintiffs claim the motion for summary judgment should be denied because the underlying debt was discharged in bankruptcy proceeding by Baum. They also claim that it is unfair and inequitable for the defendant to obtain an assignment of the $110,000 Chase judgment and at the same time release the attachment and judgment lien obtained against Baum. CT Page 11764
The defendant asserts that his release of the attachment and judgment lien against Baum of September 12, 1994, makes this action moot and no material fact exists for the court to decide in this action.
The plaintiffs may be able to present the defense that the defendant's debt was discharged by the Baum bankruptcy proceeding which the plaintiffs allege is still pending in the bankruptcy court, Baum v. Glenney, docket number 93-05027. They may also raise it as a defense in any future action that may be brought by the defendant to recover from the plaintiffs on the $110,000 money judgment assigned to them by the Chase's.
In Burns v. Hartford Hospital, 192 Conn. 451, 455 (1984), the Supreme Court stated the rule as follows: "A trial court may appropriately render summary judgment when the documents submitted demonstrate that there is no genuine issue of material fact remaining between the parties and that the moving party is entitled to judgment as a matter of law. Practice Book § 384;Yanow v. Teal Industries, Inc., 178 Conn. 262.
The court has reviewed the respective affidavits and finds that the defendant's release dated September 12, 1994 of its attachment and judgment lien makes the defendant's debt moot. There is no material fact left for this court to decide now that the release has been recorded.
The motion for summary judgment is granted.
ROMEO G. PETRONI, JUDGE