[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTIONS FOR SUMMARY JUDGMENT OF THE CRSA DEFENDANTS
Two motions for summary judgment has been filed by defendants Cooperative Retirement Services of America, Inc., Monarch Management, Inc., Kedney Associates, Inc., M. Earl Wade, Bruce Cannon, Martin R. Satava, H. B. "Skip" Kedney, Ron Rukstad, and Bruce Byers (collectively, "the CRSA defendants"). These defendants are alleged to have provided management and marketing services with regard to units in the East Hill Woods continuing care facility after Retirement Centers of America, Inc. ceased performing those functions on January 18, 1991.
The CRSA defendants allege in one of their motions for summary judgment that the claims of certain of the plaintiffs set forth at Counts 28, 30, 34, 36, 38, 40, 42 and 44 of the revised amended complaint (alleging fraudulent or intentional misrepresentation) and at Counts 67, 69, 71, 73, 75, 77, 79, 81 and 83 (alleging negligent misrepresentation) are barred by the three-year statutes of limitations set forth in Conn. Gen. Stat. §§ 52-577 and 52-584. They allege in their other motion that the claims of some plaintiffs in Counts 3 to 6 and 15 to 18 are barred by the six-year statute of limitation set forth in Conn. CT Page 281 Gen. Stat. § 17b-529(a).
The CRSA defendants assert that the claims made in the counts enumerated above all relate to disclosures made and information given to them before the plaintiffs entered into continuing care contracts with East Hill Woods and that the allegations of the complaint indicate that all of the contracts were entered into more than three years before the commencement of this lawsuit on January 8, 1998.
Many of the counts challenged in the two motions for summary judgment have been stricken by this court in a memorandum of decision dated November 4, 1998, on motions to strike filed by various of the CRSA defendants. At the time of the motions to strike, the CRSA defendants divided themselves into two groups, the "individual CRSA defendants" and the "corporate CRSA defendants," and this court adopted that dichotomy in ruling on the motions to strike. Having characterized themselves as a single group making the same claims for purposes of the motions for summary judgment, the movants necessitate a summary of the prior rulings.
The following counts have already been stricken as to both the individual and the corporate CRSA defendants, and thus as to all the CRSA defendants: Counts 3, 15, and 18. The plaintiffs re-pleaded counts 15 and 18 but not count 3.
The following counts have been stricken as to the individual CRSA defendants, but not as to the corporate CRSA defendants: Counts 4, 5, 6, 28, 30, 32, 34, 36, 38, 40, 42, and 44. In pleading over after the adjudication of the motion to strike, the plaintiffs did not replead their claims against the individual CRSA defendants.
Accordingly, all of the counts identified in the two motions for summary judgment require adjudication except Count 3, and all of the challenged counts are confined to the corporate CRSA defendants, that is, to Cooperative Retirement Services of America, Inc., Monarch Management, Inc., and Kedney Associates. The claims against Wade, Cannon, Satava, H.B. Kedney, Rukstad and Byers have been stricken and only Counts 15 and 18 have been repleaded.
 Standard of review
CT Page 282
Summary judgment is to be rendered if the pleading, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book §17-49. Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact, a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue.Connell v. Colwell, 214 Conn. 242, 246 (1990); Burns v.Hartford Hospital, 192 Conn. 451, 455 (1984). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Connell v. Colwell, supra, 214 Conn. 246-47; Strada v. Connecticut Newspapers, Inc.,193 Conn. 313, 317 (1984). The test is whether a party would be entitled to a directed verdict on the same facts. Batick v.Seymour, 186 Conn. 632, 647 (1982).
Issues concerning the applicability or lack of applicability of defenses that involve factual issues are subject to the analysis described above. See Connell v. Colwell, supra,214 Conn. 242 (standard applied to claim of tolling of statute of limitation based on fraudulent concealment).
 Counts 4 to 6, 15 and 18, alleging violations of the Continuing Care Act
The movants seek summary judgment as to claims in these counts of persons who signed continuing care contracts with East Hill Woods more than six years before the commencement of suit, that is, more than six years before January 8, 1998, thus, before January 8, 1992. The movants and plaintiffs have organized those claimants into various lists on various exhibits but have then filed amendments indicating errors on their lists. In the hope of clarity, the court attaches hereto a list, Court List # 1, of those plaintiffs who have alleged that they signed a continuing care contract before January 8, 1992, and whose claims in the above counts are therefore time-barred.
The Continuing Care Act, Conn. Gen. Stat. § 17b-52, et seq., at § 17b-529 creates a cause of action in persons contracting with continuing care facilities who are not provided with disclosure statements or who are provided with misleading disclosure statements before they sign a continuing care agreement. Section 17b-529(a) provides: "[a]n action to enforce CT Page 283 liability pursuant to this section shall not be maintained unless brought within six years after the execution of the contract for continuing care giving rise to the liability." In Counts 4 through 6 the plaintiffs allege liability for failure to provide either accurate disclosure or any disclosure at all; in Counts 15 and 18 they claim that the CRSA corporate defendants are liable for aiding and abetting a violation of § 17b-529(a) by others, specifically, East Hill Woods.
The limitation period is explicit and clear in the words of the statute, set forth above. The time for bringing a claim based on faulty or nonexistent disclosure runs from the date of signing the continuing care contract, not from the date of discovery of the omission or misleading nature of the disclosure. While the plaintiffs have invoked various tolling doctrines with regard to their claims of aiding and abetting (Counts 15 and 18), the Supreme Court rejected a similar position in a closely analagous case: Fichera v. Mine Hill Corporation, 207 Conn. 204 (1988).
The act made illegal by the Continuing Care Act is to enter into a continuing care contract with a person who has not been provided with accurate disclosures. The prohibited act is thus finite in time: the entry into a continuing care contract, which occurs when the parties execute such a contract. As the Supreme Court has ruled in Fichera v. Mine Hill Corporation,207 Conn. 204, where the statutory violation is an act of nondisclosure, and the statutory violation is a finite act, not a continuing duty, the tolling doctrines of fraudulent concealment or continuing duty do not apply. In Fichera, the Supreme Court reversed a trial court's failure to apply the three year statute of limitation provided in the Connecticut Unfair Trade Practices Act, Conn. Gen. Stats. § 42-110a, et seq., where the claimed violation was a false representation.
The plaintiffs assert that the statutory tolling doctrine for fraudulent concealment set forth in Conn. Gen. Stat. § 52-595
applies despite the ruling to the contrary in Fichera v. MineHill Corporation, supra, 207 Conn. 204. The plaintiffs have argued that the Supreme Court retreated from Fichera in Connellv. Colwell, 214 Conn. 242 (1990). That case involved claims only of medical negligence, with no claims based on statutes imposing liability for conduct not actionable at common law. Accordingly,Connell v. Colwell, supra, has not had the claimed effect on the ruling in Fichera.
CT Page 284
Some of the plaintiffs assert that later documents concerning their choice of apartments at East Hill Woods change the date of the violation. The documents presented are not, however, continuing care contracts, the only kind of transaction for which prior nondisclosure or inaccurate disclosure is made actionable by Conn. Gen. Stat. § 17b-529(a).
The Continuing Care Act does not impose on providers a duty to update the disclosure after entry into the contract for continuing care. By the terms of the § 17b-529(a), liability is based only on faulty disclosure at the time of entry into the continuing care contract. The act does not, therefore, create a continuing duty of disclosure, unlike the continuing duty of care found to exist where a doctor continues to treat a patient after an initial act of negligence, as in Blanchette v. Barrett,229 Conn. 256 (1994).
The plaintiffs have not contested the movants' position that the statute of limitation applicable to aiding and abetting a statutory violation is the same as for the statutory violation itself.
The CRSA defendants have demonstrated that there are no genuine issues of material fact with regard to the expiration of the six-year statute of limitation as to those plaintiffs who signed continuing care contracts with East Hill Woods prior to January 8, 1992. The motion for summary judgment is granted as to these claims, which are stated at Counts 4 to 6, 15 and 18 of the revised amended complaint.
 Counts 28, 30, 32, 34, 36, 38, 40, 42, 44, 67, 69, 71, 73, 75, 77, 79, 81, 83 alleging intentional and negligent misrepresentation
Though the plaintiffs have characterized the claims made in Counts 28, 30, 32, 34, 36, 38, 40, 42 and 44 as claims of "misrepresentation" in the headings for each of these counts, the allegations are that the CRSA corporate defendants fraudulently failed to disclose the true financial condition of East Hill Woods to the plaintiffs before they entered into continuing care contracts. The remaining counts listed in the heading above are claims of negligent misrepresentation. The multiple counts separate the claims of groups of plaintiffs who claim that they were given no disclosure statements or fraudulent disclosure statements during various periods of time between 1991 and CT Page 285 December 31, 1995.
The CRSA Corporate defendants claim that whether Conn. Gen. Stat. § 52-577 or 52-584 is the applicable statute of limitation, the claims are time barred because they were not brought within three years of the claimed provision of fraudulent information in connection with the plaintiffs' execution of continuing care contracts. The plaintiffs assert that their claims are saved by various tolling doctrines. Specifically, they claim that the movants had a fiduciary duty to advise them of the falsity of the disclosures and of the actual financial condition of East Hill Woods and/or "some later conduct (i.e., breach of duty) of that defendant related to a prior act." (Plaintiffs' Memorandum in Opposition to Cruse's Motion for Summary Judgment, at page 21.) The plaintiffs also claim that the CRSA defendants fraudulently concealed facts concerning the existence of these claims.
The plaintiffs assert that there are genuine material issues with regard to the facts concerning their invocation of the three tolling doctrines. With regard to the claim that the corporate CRSA defendants owed the plaintiffs the duty of a fiduciary, the plaintiffs merely allege that a fiduciary relationship exists. The box loads of documents they have submitted do not contain any facts that would support such a finding. None of the plaintiff has alleged that these defendants promised to act on his or her behalf rather than on behalf of East Hill Woods. None has alleged any statement by any of the CRSA defendants that these defendants would look out for any plaintiff's interests. In their brief, the plaintiffs allege that although these defendants were the managing and marketing representatives of East Hill Woods, the party with whom the plaintiffs were entering into a financial relationship, the plaintiffs relied on the CRSA defendants to inform their own financial decisions because these defendants possessed superior knowledge. In their affidavits, however, the plaintiffs who have filed affidavits make no assertion of any agreement by the CRSA defendants to act on behalf of the plaintiffs or for their benefit. The plaintiffs state, as Plaintiff Charles Bellows does at paragraph 13 of his affidavit that, "I believed that the management company employed by East Hill Woods had the same duty to me and to all the residents to communicate information that was truthful and complete." At most, this statement indicates that the affiant expected the management company not to commit torts, a duty that is no different for that entity than for any other entity with which a person has business CT Page 286 dealings.
Neither plaintiffs' complaint nor their affidavits allege any facts that would support a finding that the CRSA defendants owed fiduciary duties to them. The Connecticut Supreme Court has never recognized the existence of a fiduciary relationship without some facts indicating that the claimed fiduciary has in some manner agreed to protect that person's interests. In Konover DevelopmentCorp. v. Zeller, 228 Conn. 206, 218 (1996), the Court included in the elements of a fiduciary relationship the need to show that the claimed fiduciary is "under a duty to represent the interests of the other." See, similarly, Alaimo v. Roger, 188 Conn. 36,40-41 (1982); Dunham v. Dunham, 204 Conn. 303, 322 (1987). The plaintiffs simply have failed to show that there is any genuine dispute as to the material facts concerning the existence of a fiduciary relationship, and have failed to plead or allege in any submission material facts tending to support a finding that the movants undertook such a relationship.
The other tolling doctrines invoked by the plaintiffs are those of a continuing course of conduct and fraudulent concealment of the causes of action for fraudulent and negligent misrepresentation. Specifically, the plaintiffs allege that the defendants gave them false information and false assurances of financial stability after the plaintiffs entered into continuing care contracts in order to prevent them from learning that the defendants had made misrepresentations to them before the plaintiffs signed continuing care agreements. The claims in the counts under discussion are not statutory claims but, rather, arise at common law. The statutory tolling doctrine for fraudulent concealment set forth at Conn. Gen. Stat. § 52-595
is available as to such common law claims, since the holding inFichera v. Mine Hill Corporation, supra, related only to statutory claims of the type described therein.
The purpose of the alleged reassurances given to the plaintiffs concerning the financial health and prospects of an entity that subsequently filed in bankruptcy is an issue of intent. It is an issue of material fact whether false information was given and the purpose for which it was given. Summary judgment is precluded under the standard stated above as to those plaintiffs who have alleged involvement by the CRSA defendants in the transactions leading up to and culminating in their signing continuing care contracts. CT Page 287
Some of the plaintiffs cannot, however, claim that the CRSA defendants were fraudulently concealing misconduct in connection with the entry into their continuing care contracts since CRSA was not the managing agent of East Hill Woods until January 18, 1991, and was thus not involved in making representations to the plaintiffs who entered into agreements before that date. Accordingly, the motion for summary judgment is granted as to those plaintiffs listed on Court List #2.
The motion is denied as to the other plaintiffs.
 Conclusion
The motion for summary judgment of the CRSA defendants is granted as to Counts 4 to 6, 15, and 18. It is granted as to the plaintiffs listed on Court List #2 with regard to Counts 28, 30, 32, 34, 36, 38, 40, 42, 44, 67, 69, 71, 73, 75, 77, 79, 81 and 83 and denied as to the claims made in those counts by the other plaintiffs.
Beverly J. Hodgson 1/14/99 Judge of the Superior Court Complex Litigation Docket
 Dudrow v. Ernst Young, X01 CV 98 0144211S LIST #1 (agreements signed before 1/8/92) _________________________________________________________________________ | | |Date Agreement| | | Name of Plaintiff | Signed | |--|-------------------------------------------------------|--------------| |1 | John S. Hagmann, exectuor for A. Bernice Hagmann | 7/7/88 | |--|-------------------------------------------------------|--------------| |2 | Robert J. Barry, executor for Barbara Spence | 7/8/88 | |--|-------------------------------------------------------|--------------| |3 | Eleanor Christie | 7/11/88 | |--|-------------------------------------------------------|--------------| |4 | Mildred C. Kilgore | 7/11/88 | |--|-------------------------------------------------------|--------------| | | Anne A. Spurr, Kathleen Agee Toombs Everett G. | | |5 | Agee, Jr., Co-executors for Everette G. Agee | 7/12/88 | |--|-------------------------------------------------------|--------------| |6 | Mabel A. Dietz | 7/14/88 | |--|-------------------------------------------------------|--------------| |7 | Katherine G. Hansen | 7/15/88 | |--|-------------------------------------------------------|--------------| CT Page 288 |8 | Dorothy R. Oas | 7/18/88 | |--|-------------------------------------------------------|--------------| |9 | Grace F. Upson | 7/19/88 | |--|-------------------------------------------------------|--------------| |10| Marie Callaghan | 7/20/88 | |--|-------------------------------------------------------|--------------| |11| Robert and Margaret Riley | 7/20/88 | |--|-------------------------------------------------------|--------------| |12| Louisa N. James, executrix for Marguerite Marin | 7/28/88 | |--|-------------------------------------------------------|--------------| |13| Marian Woodbridge | 8/1/88 | |--|-------------------------------------------------------|--------------| |14| W. Fielding Secor, conservator of Richard R. Gutman | 8/3/88 | |--|-------------------------------------------------------|--------------| |15| Gertrude Schroeder | 8/5/88 | |--|-------------------------------------------------------|--------------| | | Harold F. Doolittle, James A. Doolittle | | |16| John T. Doolittle, executors for Esther Doolittle | 8/9/88 | |--|-------------------------------------------------------|--------------| | | Peggy R. Seaman, James G. Seaman and Bank Boston, | | |17| N/A, co-executors for Peggy C. Ruland | 8/15/88 | |--|-------------------------------------------------------|--------------| |18| Ruth T. Brook | 8/16/88 | |--|-------------------------------------------------------|--------------| |19| Alice M. Hickey | 8/30/88 | |--|-------------------------------------------------------|--------------| |20| Lewis Hunt Homire, executor for Marion B. Homire | 9/7/88 | |--|-------------------------------------------------------|--------------| |21| Margaret Burnard | 9/7/88 | |--|-------------------------------------------------------|--------------| |22| Stephanie Braxton executrix for Rosemond Randolph | 9/9/88 | |--|-------------------------------------------------------|--------------| |23| Mary Bell S. Mayer | 9/23/88 | |--|-------------------------------------------------------|--------------| |24| Mabel Austin | 10/6/88 | |--|-------------------------------------------------------|--------------| |25| Anna S. Harrison | 10/10/88 | |--|-------------------------------------------------------|--------------| |26| Christine Perrin Goddard | 10/14/88 | |--|-------------------------------------------------------|--------------| |27| Priscilla H. Braddock | 10/18/88 | |--|-------------------------------------------------------|--------------| | | Marilyn Y. Hermansen, executrix for Elisabeth | | |28| Y. Ormsby | 10/24/88 | |--|-------------------------------------------------------|--------------| CT Page 289 |29| Alice Keplinger | 10/25/88 | |--|-------------------------------------------------------|--------------| |30| Donald and Jean Davis | 11/1/88 | |--|-------------------------------------------------------|--------------| |31| Marian S. Boughton | 11/10/88 | |--|-------------------------------------------------------|--------------| |32| Doris Schenck | 12/9/88 | |--|-------------------------------------------------------|--------------| |33| Allen W. Hale, executor for Helena E. Hutchinson | 1/11/89 | |--|-------------------------------------------------------|--------------| |34| Alfred Burckhardt | 3/2/89 | |--|-------------------------------------------------------|--------------| |35| John A. Moore | 4/7/89 | |--|-------------------------------------------------------|--------------| |36| Justine Dietz | 4/25/89 | |--|-------------------------------------------------------|--------------| |37| Frances G. Roberts, executrix for Florence H. Gibby | 5/15/89 | |--|-------------------------------------------------------|--------------| |38| Edward Attick, executor for Marion E. Baum | 6/27/89 | |--|-------------------------------------------------------|--------------| |39| Edward M. Lillian J. Blesser | 7/23/89 | |--|-------------------------------------------------------|--------------| |40| Rose R. Pinsley | 7/24/89 | |--|-------------------------------------------------------|--------------| |41| Alice N. Bergen | 8/25/89 | |--|-------------------------------------------------------|--------------| |42| Margaret F. Colloty | 9/25/89 | |--|-------------------------------------------------------|--------------| |43| Jill Bourdais, Executrix for Elliott Smith | 11/29/89 | |--|-------------------------------------------------------|--------------| |44| Eleanor D. Romberg | 1/29/90 | |--|-------------------------------------------------------|--------------| |45| Jess Kilgore | 2/22/90 | |--|-------------------------------------------------------|--------------| |46| Katherine Doyle | 5/4/90 | |--|-------------------------------------------------------|--------------| |47| Laura Anne Cook | 7/6/90 | |--|-------------------------------------------------------|--------------| |48| Judith T. Flock, executrix for Myrta E. Young Meyer | 7/19/90 | |--|-------------------------------------------------------|--------------| |49| Robert and Marjorie Bachrach | 9/17/90 | |--|-------------------------------------------------------|--------------| |50| Isabel Conklin | 10/30/90 | |--|-------------------------------------------------------|--------------| |51| Joel H. Staub, executor for Henrietta C. Staub | 11/8/90 | CT Page 290 |--|-------------------------------------------------------|--------------| |52| Irvin Elise Norvig | 11/21/90 | |--|-------------------------------------------------------|--------------| |53| Myron E. Mendelson, executor for Selma Flint | 12/11/90 | |--|-------------------------------------------------------|--------------| |54| Lore Jarmul, executor for Susi Prausnitz | 1/21/91 | |--|-------------------------------------------------------|--------------| |55| Nancy R. Lawrence | 1/28/91 | |--|-------------------------------------------------------|--------------| |56| Isabel O. Haynes | 3/22/91 | |--|-------------------------------------------------------|--------------| |57| Eleanore E. Tannis | 4/13/91 | |--|-------------------------------------------------------|--------------| |58| Nelson Grant | 4/19/91 | |--|-------------------------------------------------------|--------------| |59| Thomas J. Diviney | 4/26/91 | |--|-------------------------------------------------------|--------------| |60| Frederick Benedict | 5/2/91 | |--|-------------------------------------------------------|--------------| |61| Marjorie Boughton, executrix for Thure Dahl | 5/21/91 | |--|-------------------------------------------------------|--------------| |62| Sylvia Rosh | 5/21/91 | |--|-------------------------------------------------------|--------------| |63| William M. Corkindale, executor for Frederick Kingsley| 5/21/91 | |--|-------------------------------------------------------|--------------| |64| Ruth Dudrow | 6/15/91 | |--|-------------------------------------------------------|--------------| |65| Harold and Claire Leegant | 6/26/91 | |--|-------------------------------------------------------|--------------| |66| Willard Nelson, executor for O. Taft Nelson | 7/23/91 | |--|-------------------------------------------------------|--------------| |67| Phyllis Messinger | 7/29/91 | |--|-------------------------------------------------------|--------------| |68| Charles Bellows | 8/7/91 | |--|-------------------------------------------------------|--------------| |69| Marjorie G. Ledley | 8/21/91 | |--|-------------------------------------------------------|--------------| |70| William Boies | 8/29/91 | |--|-------------------------------------------------------|--------------| |71| Edna T. Long | 9/13/91 | |--|-------------------------------------------------------|--------------| |72| Charles E. Fulkerson | 11/18/91 | |--|-------------------------------------------------------|--------------| |73| Eva Mae Coatney | 1/8/92 | |--|-------------------------------------------------------|--------------| CT Page 291 |74| Dorothy Roberts | 11/22/91 | |--|-------------------------------------------------------|--------------| |75| Helen Schult | 8/1/91 | |__|_______________________________________________________|______________| Dudrow v. Ernst Young, X01 CV 98 0144211S LIST #2 (agreements signed before 1/18/91) _________________________________________________________________________ | | |Date Agreement| | | Name of Plaintiff | Signed | |--|-------------------------------------------------------|--------------| |1 | John S. Hagmann, executor for A. Bernice Hagmann | 7/7/88 | |--|-------------------------------------------------------|--------------| |2 | Robert J. Barry, executor for Barbara Spence | 7/8/88 | |--|-------------------------------------------------------|--------------| |3 |Eleanor Christie | 7/11/88 | |--|-------------------------------------------------------|--------------| |4 |Mildred C. Kilgore | 7/11/88 | |--|-------------------------------------------------------|--------------| | |Anne A. Spurr, Kathleen Agee Toombs Everett G. | | |5 |Agee, Jr., Co-executors for Everette G. Agee | 7/12/88 | |--|-------------------------------------------------------|--------------| |6 |Mabel A. Dietz | 7/14/88 | |--|-------------------------------------------------------|--------------| |7 |Katherine G. Hansen | 7/15/88 | |--|-------------------------------------------------------|--------------| |8 |Dorothy R. Oas | 7/18/88 | |--|-------------------------------------------------------|--------------| |9 |Grace F. Upson | 7/19/88 | |--|-------------------------------------------------------|--------------| |10| Marie Callaghan | 7/20/88 | |--|-------------------------------------------------------|--------------| |11| Robert and Margaret Riley | 7/20/88 | |--|-------------------------------------------------------|--------------| |12| Louisa N. James, executrix for Marguerite Marin | 7/28/88 | |--|-------------------------------------------------------|--------------| |13| Marian Woodbridge | 8/1/88 | |--|-------------------------------------------------------|--------------| |14| W. Fielding Secor, conservator of Richard R. Gutman | 8/3/88 | |--|-------------------------------------------------------|--------------| |15| Gertrude Schroeder | 8/5/88 | |--|-------------------------------------------------------|--------------| | | Harold F. Doolittle, James A. Doolittle John T. | | |16| Doolittle, executors for Esther Doolittle | 8/9/88 | |--|-------------------------------------------------------|--------------| CT Page 292 | | Peggy R. Seaman, James G. Seaman and Bank Boston, | | |17| N/A, co-executors for Peggy C. Ruland | 8/15/88 | |--|-------------------------------------------------------|--------------| |18| Ruth T. Brook | 8/16/88 | |--|-------------------------------------------------------|--------------| |19| Alice M. Hickey | 8/30/88 | |--|-------------------------------------------------------|--------------| |20| Lewis Hunt Homire, executor for Marion B. Homire | 9/7/88 | |--|-------------------------------------------------------|--------------| |21| Margaret Burnard | 9/7/88 | |--|-------------------------------------------------------|--------------| |22| Stephanie Braxton executrix for Rosemond Randolph | 9/9/88 | |--|-------------------------------------------------------|--------------| |23| Mary Bell S. Mayer | 9/23/88 | |--|-------------------------------------------------------|--------------| |24| Mabel Austin | 10/6/88 | |--|-------------------------------------------------------|--------------| |25| Anna S. Harrison | 10/10/88 | |--|-------------------------------------------------------|--------------| |26| Christine Perrin Goddard | 10/14/88 | |--|-------------------------------------------------------|--------------| |27| Priscilla H. Braddock | 10/18/88 | |--|-------------------------------------------------------|--------------| |28| Marilyn Y. Hermansen, executrix for | | | | Elisabeth Y. Ormsby | 10/24/88 | |--|-------------------------------------------------------|--------------| |29| Alice Keplinger | 10/25/88 | |--|-------------------------------------------------------|--------------| |30| Donald and Jean Davis | 11/1/88 | |--|-------------------------------------------------------|--------------| |31| Marian S. Boughton | 11/10/88 | |--|-------------------------------------------------------|--------------| |32| Doris Schenck | 12/9/88 | |--|-------------------------------------------------------|--------------| |33| Allen W. Hale, executor for Helena E. Hutchinson | 1/11/89 | |--|-------------------------------------------------------|--------------| |34| Alfred Burckhardt | 3/2/89 | |--|-------------------------------------------------------|--------------| |35| John A. Moore | 4/7/89 | |--|-------------------------------------------------------|--------------| |36| Justine Dietz | 4/25/89 | |--|-------------------------------------------------------|--------------| |37| Frances G. Roberts, executrix for Florence H. Gibby | 5/15/89 | |--|-------------------------------------------------------|--------------| |38| Edward Attick, executor for Marion E. Baum | 6/27/89 | CT Page 293 |--|-------------------------------------------------------|--------------| |39| Edward M. Lillian J. Blesser | 7/23/89 | |--|-------------------------------------------------------|--------------| |40| Rose R. Pinsley | 7/24/89 | |--|-------------------------------------------------------|--------------| |41| Alice N. Bergen | 8/25/89 | |--|-------------------------------------------------------|--------------| |42| Margaret F. Colloty | 9/25/89 | |--|-------------------------------------------------------|--------------| |43| Jill Bourdais, Executrix for Elliott Smith | 11/29/89 | |--|-------------------------------------------------------|--------------| |44| Eleanor D. Romberg | 1/29/90 | |--|-------------------------------------------------------|--------------| |45| Jess Kilgore | 2/22/90 | |--|-------------------------------------------------------|--------------| |46| Katherine Doyle | 5/4/90 | |--|-------------------------------------------------------|--------------| |47| Laura Anne Cook | 7/6/90 | |--|-------------------------------------------------------|--------------| |48| Judith T. Flock, executrix for Myrta E. Young Meyer | 7/19/90 | |--|-------------------------------------------------------|--------------| |49| Robert and Marjorie Bachrach | 9/17/90 | |--|-------------------------------------------------------|--------------| |50| Isabel Conklin | 10/30/90 | |--|-------------------------------------------------------|--------------| |51| Joel H. Staub, executor for Henrietta C. Staub | 11/8/90 | |--|-------------------------------------------------------|--------------| |52| Irvin Elise Norvig | 11/21/90 | |--|-------------------------------------------------------|--------------| |53| Myron E. Mendelson, executor for Selma Flint | 12/11/90 | |__|_______________________________________________________|______________|