[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
On June 15, 1993, the plaintiff, Dominique Criscuolo, filed an amended three count complaint against the defendants, Raymond and Leanora Kline, Anthony and Mary Amendola, and Allstate Insurance Company ("Allstate"). This complaint alleges the following facts. On December 20, 1991, the plaintiff was a passenger in a motor vehicle owned by Leanora Kline and operated by Raymond Kline. On that date, the motor vehicle in which she was a passenger was involved in an accident with a vehicle owned by Mary Amendola and operated by Anthony Amendola. Count one of the amended complaint alleges negligence against the Klines and count two alleges negligence against the Amendolas.
Count three of the amended complaint is directed against Allstate. This count alleges that Allstate issued a policy of insurance in which Allstate agreed to pay, inter alia, the plaintiff's loss due to injuries suffered and caused by underinsured vehicles. This count further alleges that at the time of the accident, the plaintiff was entitled to benefits pursuant to an insurance policy that existed with Allstate for underinsured motorist coverage. According to the plaintiff, she has performed all conditions required on her part, and although demand has been made, Allstate has failed to pay for the plaintiff's losses due to underinsured motor vehicles.
On March 29, 1994, Allstate filed a motion for summary judgment along with a memorandum of law and a copy of answers to requests for admissions that Allstate had served on Raymond and Leanora Kline. On June 13, 1994, the plaintiff filed an objection to Allstate's motion, along with a memorandum of law, a copy of a letter from Allstate dated May 13, 1993, a copy of a docket card for the present matter, indicating that a pretrial conference was scheduled for July 13, 1994, and a letter from plaintiff's counsel dated May 26, 1994 regarding the pretrial conference.
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Wilsonv. New Haven, 213 Conn. 277, 279 (1989). "Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue." Burnsv. Hartford Hospital, 192 Conn. 451, 455 (1984). CT Page 9049
As an initial matter, it is noted that neither the plaintiff nor Allstate has submitted a copy of the applicable insurance policies. Accordingly, Allstate has not met its burden of proving, as a matter of law, that it is not required to provide underinsured motorist coverage to the plaintiff. See Langlais v. The GuardianLife Insurance Company of America, 7 Conn. L. Rptr. 34, 35 (July 7, 1992, Lewis, J.). Nonetheless, for the purpose of this memorandum, the court assumes the existence of the insurance policies at issue, with the policy limits as stated by the parties.
In support of its motion for summary judgment, Allstate argues, based on Continental Ins. Co. v. Cebe-Habersky, 214 Conn. 209
(1990), that since the plaintiff has failed to exhaust the automobile liability policies of Raymond and Leanora Kline and Anthony Amendola, she is not entitled to collect underinsured motorist benefits from Allstate. The plaintiff argues in response that, pursuant to General Accident Ins. Co. v. Wheeler, 221 Conn. 206,213-14 (1992), the plaintiff need only exhaust one policy before proceeding to an underinsured motorist claim. The plaintiff argues that pursuant to Wheeler, she has "effectively" exhausted the policy limits of Raymond and Leanora Kline and therefore, she is entitled to underinsured motorist coverage.
General Statutes § 38a-336 (b) provides in part that:
 An insurance company shall be obligated to make payment to its insured up to the limits of the policy's uninsured and underinsured motorist coverage after the limits of liability under all bodily injury liability bonds or insurance policies applicable at the time of the accident have been exhausted by payment of judgments or settlements, but in no event shall the total amount of recovery from all policies, including any amount recovered under the insured's uninsured and underinsured motorist coverage, exceed the limits of the insured's uninsured and underinsured motorist coverage.
(Emphasis added.)
In Continental Ins. Co. v. Cebe-Habersky, supra, 214 Conn. 209, the court, interpreting § 38-175c(b)(1), now recodified at § 38a-336, held that a claimant's access to underinsured motorist insurance first requires payment of the limits of the liability policy insuring the person responsible for the accident. InGeneral Accident Ins. Co. v. Wheeler, supra, 221 Conn. 213-14, the CT Page 9050 court further held that when more than one tortfeasor is responsible for the accident, an insured is required to exhaust the liability coverage of only one tortfeasor in order to recover underinsured benefits. See also Buell v. American Universal Ins.Co., 224 Conn. 766, 772 (1993).
Since the present case involves more than one tortfeasor, the plaintiff is required to exhaust the liability coverage of either the Klines or the Amendolas in order to recover underinsured motorist benefits. General Accident Ins. Co. v. Wheeler, supra,221 Conn. 213-14. In this regard, Allstate relies on the Klines' responses to Allstate's requests for admissions, dated March 22, 1994, wherein the Klines admit that the plaintiff has failed to exhaust their automotive liability policy. In response, the plaintiff argues that by letter dated May 13, 1993, Allstate, the insurer of Raymond and Leanora Kline, extended the entire policy limits of its $20,000/$40,000 contract, to be divided among all of the claimants. (Exhibit A to plaintiff's memorandum in opposition). The plaintiff further argues that the benefits available under the insurance policy of Raymond and Leanora Kline were to be divided up at a pretrial conference scheduled for July 13, 1994. (Exhibit C to plaintiff's memorandum in opposition).
"`Exhaust' means `to draw off or let out completely: to use up; [or] wholly expend.'" (Emphasis in original.) Continental Ins.Co. v. Cebe-Habersky, supra, 214 Conn. 212, quoting Webster's Seventh New Collegiate Dictionary. Based on the documentation submitted by the parties, a question of fact exists as to whether the Klines' liability policy has been exhausted. See Jeffrey v.Colonial Penn Insurance Co., 6 Conn. L. Rptr. 213, 214 (March 25, 1992, Hodgson, J.) (court noted that by submitting the coverage issue to arbitration, the arbitrators had to make a factual determination regarding whether the plaintiff exhausted applicable bodily injury liability bonds). Even assuming that the Klines' policy has not been exhausted, a question of fact exists as to whether the Amendolas' policy has been exhausted.
For the foregoing reasons, the defendant's motion for summary judgment is denied.
Robert A. Martin, Judge CT Page 9051