[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
Plaintiff, Chelsea Groton Saving Bank ("Chelsea Groton Bank") commenced this action against defendant Gregory Massad CT Page 11094 ("Massad") by a complaint filed on June 2, 1994. The complaint contained one count seeking to foreclose for default on a mortgage given to secure a note of Massad's.
On June 23, 1994, defendant Massad filed an answer and a special defense. The special defense stated that "[p]laintiff and Defendant agreed to restructure the terms of the mortgage and note in question and plaintiff's [sic] breached said agreement." Plaintiff Chelsea Groton Bank then filed a motion for summary judgement on July 11, 1994, supported by a memorandum of law. In its memorandum in support of its motion, Chelsea Groton Bank argues that summary judgement is appropriate because Massad failed to raise a bona fide defense against the foreclosure action and that there was no genuine issue of material fact.
In his brief in opposition to plaintiff's motion for summary judgement, defendant Massad alleges the existence of a workout agreement between Chelsea Groton Bank and Massad and further asserts that such an agreement is not barred by the statute of frauds because of Chelsea Groton Bank's part performance of the alleged workout agreement. Defendant Massad also submitted an affidavit in which he personally avers as the affiant that "[t]he plaintiff, through its representative, Rick Stout, stated and represented that the bank would not foreclose as they did not want the property and would structure a workout similar to the workout stated above [referring to paragraph 3 of defendant's affidavit which alludes to a previous workout agreement that the parties entered into on or about November 1, 1991]."
In addition, defendant submitted a handwritten note, allegedly from another bank employee, Jason Troud, to Mr. Massad seeking to reschedule an appointment to discuss "how we are going to handle the Amity Street mortgage." (Defendant's Exhibit A).
"Summary judgement is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgement as a matter of law. The motion for summary judgement is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven,213 Conn. 277, 279, 567 A.2d 829 (1989). CT Page 11095
"Pursuant to Practice Book § 384, summary judgement shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgement as a matter of law. Although the party seeking summary judgement has the burden of showing the nonexistence of a material fact . . . a party opposing summary judgement must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Citation omitted.) Scinto v. Stamm, 224 Conn. 524, 530, 620 A.2d 99
(1983).
"It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book § 380. The movant has the burden of showing the non-existence of such issues but the evidence thus presented, if otherwise sufficient, is not rebutted by the bald statement that an issue of fact does exist." (Citations omitted; internal quotation marks omitted.) Burns v. Hartford Hospital,192 Conn. 451, 455, 472 A.2d 1257 (1984).
"The party seeking summary judgement has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgement as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted.) Suarezv. Dickmont Plastics Corp., 229 Conn. 99, 105, ___ A.2d ___ (1994).
Other than his own statement in defendant Massad's affidavit and an attached handwritten note from another Bank representative, Jason Troud which states: "We stopped by to discuss how we are going to handle the Amity Street Mortgage. We were hoping to reschedule your meeting with us. Please contact either myself or Mrs. Kerr tomorrow between 8:00am and 5:00pm. [Signed] Jason Trout," defendant Massad has not offered any evidence of the existence of a workout agreement. The attached note only alludes to fact that Chelsea Groton CT Page 11096 Bank was interested in discussing "how we are going to handle the Amity Street Mortgage" but offers no evidence that some type of agreement was actually reached.
Because there is no dispute that Defendant Massad failed to make timely payment on the mortgage and that defendant has not provided this court with evidence of any kind of workout agreement other than "bald statements" that one existed, plaintiff Chelsea Groton Bank is a entitled to motion for summary judgement as a matter of law.
Leuba, J.