[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT NO. 108
In 1990, the plaintiff, People's Bank, agreed to loan $1,000,000 to a borrower named Rafic Rasamny, conditioned on the defendants obtaining both a second mortgage on property at 165 Grassy Plain Street in Bethel and an attorney's opinion of title for the same property. At the closing in March, 1990, the plaintiff delivered the loan to Mr. Rasamny. On March 29, 1990, Attorney Patricia Dineen of the firm of Rasamny Dineen, P.C., issued an opinion of title letter to the plaintiff, which letter stated that Mr. Rasamny was the owner in fee simple of the property in question. CT Page 1702
On May 13, 1994, the plaintiff filed the present action against the defendants, Attorney Patricia Dineen and Rasamny Dineen, P.C., alleging that Mr. Rasamny did not own the property in question in fee simple, and that the opinion letter of Attorney Dineen was thus in error. The complaint is in two counts: attorney malpractice and breach of contract.
On December 15, 1995, the defendants filed an amended answer, which included a statute of limitations special defense based on General Statutes § 52-584b. On March 20, 1996, the defendants filed a motion for summary judgment based on their special defense, along with a memorandum of law, and later submitted a supplemental memorandum of law. The plaintiff filed both a memorandum in opposition and a supplemental memorandum in opposition.
Summary judgment is proper where the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 384. The party opposing a motion for summary judgment "must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Doty v. Mucci, 238 Conn. 800, 806, 679 A.2d 945 (1996). "`In deciding on a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . .'" supra, 805, quoting Miller v. United Technologies Corp.,233 Conn. 732, 745, 660 A.2d 810 (1995). Summary judgment is appropriate on statute of limitations grounds when the "material facts concerning the statute of limitations [are] not in dispute. . . ." Burns v. HartfordHospital, 192 Conn. 451, 452, 472 A.2d 1257 (1984). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist."Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988).
General Statutes § 52-584b states in pertinent part: "no action, whether in contract, tort or otherwise, against an attorney to recover for injury caused by negligence . . . in the preparation of and the execution and delivery of an attorney's title certificate or opinion, or the title search in connection therewith, shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered. . . ." The plaintiff and the defendants agree that this is the applicable statute of limitations, but disagree as to the time when the statute began to run. The defendants argue that the CT Page 1703 plaintiff should reasonably have discovered the title defects at the closing in March, 1990, and that the limitations period therefore began to run at that time. The plaintiff, on the other hand, argues that it acted reasonably in relying on the opinion of the title letter at the closing, and that, therefore, the limitations period did not begin to run until the plaintiff actually discovered the defect in title in May, 1993.
Both sides have submitted affidavits. The defendants' affidavit, from Jeremiah Dineen, an attorney who worked in the firm of Rasamny Dineen, P.C. at the time of the closing, states that the plaintiff had independent counsel at the closing, implying that the plaintiff should not have relied on the opinion of the defendants' attorney. The plaintiff's affidavit, from Attorney Barry Hawkins, a real estate attorney qualified as an expert on title opinions and commercial loan closings, states that it is customary practice for a bank to rely on a borrower's attorney's opinion of title.[1] Both affidavits address the basic question of when the plaintiff should have reasonably discovered the title defect.
This question of reasonableness addresses the standard of care the plaintiff should have used. "[S]ummary judgment . . . is especially ill-adapted . . . where, as here, the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation." (Citations omitted; internal quotation marks omitted.) Maffucci v. Royal Park Ltd.Partnership, 42 Conn. App. 563, 568, 680 A.2d 333 (1996). The issue of the plaintiff's standard of care is inappropriately addressed on a motion for summary judgment.
Because the question of when it was reasonable for the plaintiff to have discovered the title defect is an issue material to the running of the statute of limitations, summary judgment is appropriate in this action only if the plaintiff cannot demonstrate that the issue is in dispute. Burns v.Hartford Hospital, supra, 192 Conn. 452. The affidavit proffered by the plaintiff adequately meets the burden of raising a factual dispute, because by stating that the plaintiff's conduct comports with the industry standard, the affidavit suggests that the plaintiff's conduct could have been reasonable. The question is one for the trier of fact, and the defendants' motion for summary judgement is, therefore, denied.
Stodolink, J. CT Page 1704