[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This dispute arises out of defendants' (Kenneth and Louise Neubauer) motion for summary judgment (#134). Plaintiff's action is predicated on a claim of lack of parental supervision of defendants' grandchild and premises liability. Plaintiff claims to have been sexually assaulted while attending a party as guest on defendants' premises at the invitation of the defendant grandson. At all times in question the defendants were out of the jurisdiction in Florida.
Defendants' support their motion with their own affidavit in which they say that their grandson and his friends had no authority to enter their house; that they left the same locked and empty when they moved to Florida prior to the incident in question; that they were unaware that their grandson held a party on the premises on November 27, 1992; and, they never met the plaintiff or any of the perpetrators of the alleged sexual assault. Self serving affidavits of moving parties are insufficient to support a motion for summary judgment. Burns v.Hartford Hospital, 192 Conn. 451, 455 (1989). CT Page 10240
The defendants also furnished an excerpt from a deposition taken of their grandson who admitted therein, inter alia, that he didn't know the house in question belonged to his grandparents at the time; that he believed it to be vacant; that he didn't have a key; that he hadn't asked permission to enter it on the night in question; that he gained entry to the house through an unlocked window; and, admits that he and the others had broken into the house.
Against this the plaintiffs' offer in opposition the affidavit of the plaintiff Michele which states in pertinent part that she was a guest at the "get-to-gether" hosted by Posta at the house in question; that she had been invited to this "get-to-gether" a week before; that Posta told her the house belonged to his uncle; that Posta had used a key to gain entry into the house; that all present entered through the front door; and, she believed Posta had permission to use the house on that occasion. Whether contained in a complaint or affidavit the mere assertions of fact by the non-movant are insufficient to establish facts sufficient to put into issue the existence of issues of material fact so as to defeat a motion for summary judgment.Bartha v. Waterbury Housewrecking Company, 190 Conn. 8 (1993);see also. Burns, supra. The above-mentioned affidavit of Michele, a party to this action, is illustrative of this proposition of law.
In addition to the foregoing affidavit, the plaintiffs offered an admission by Posta in which he denied that he had not
received permission from the Neubauers on or prior to the date of the incident to enter the premises for any reason. This statement at the very least carries with it the implication that he did
have permission to enter the premises and thus suggests a conflict between his deposition and his admission. This in turn raises a question of material fact in this case — whether the Neubauers had prior knowledge of their grandson's use of the premises on the day in question.
This is material inasmuch as if the Neubauers had given Posta permission to use the premises on the day in question, this would tend to refute defendant's defense of trespass, see, Green v.DiFazio, 148 Conn. 419, 422 (1961). In addition, if they had knowledge of the presence of Posta and his associates, but failed to take reasonable steps to supervise their activities, they might be liable to the plaintiff for any injuries proximately caused. Corcoran v. Jacovino, 161 Conn. 462 (1971). The facts put CT Page 10241 into issue by supporting documents of the parties clearly are material to the outcome of this case.
Finally, the admission and deposition of Posta, who is likely to be a material witness in this case, puts his credibility into issue. Where the situation is one in which the trier would be required to determine the credibility of witness' and weight to be given their testimony in determining the existence of a material fact, the matter is not ordinarily susceptible of summary adjudication, but should be resolved at trial in the usual manner. Spencer v. Good Earth Restaurant Corporation,164 Conn. 194, 199 (1972).
Since the defendants have failed to show there is no genuine issue as to any material fact, their motion for summary judgment should be denied. See, DHR, Construction v. Donnelly,189 Conn. 430, 434 (1990); Scinto v. Stamm 224 Conn. 524, 530 (1993).
Accordingly, for all of the foregoing reasons, the defendants' motion for summary judgment is hereby DENIED.
BY THE COURT Melville, J.