[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION REGARDING MOTIONS FOR SUMMARY JUDGMENT RE' STATUTE OF LIMITATIONS FOR FINANCIAL GUARANTY
On February 16, 1989, Northeast Modular Homes, Inc. (defendant Northeast), as consideration for a loan, provided a note to Merchants Bank Trust Co. (Merchants), promising to pay to Merchants, upon demand, the sum of $500,000. Defendants Edward J. McCarty, Stanley M. Goldberg, Stephen Rosenberg and Gerald Krawitz entered into a guaranty agreement with Merchants in order to secure the loan to Northeast. On February 1, 1991, Merchants was declared insolvent. The Federal Deposit Insurance Corp. (FDIC), was appointed receiver and, as such, became the holder of the note. The FDIC then assigned the note and all of its rights to plaintiff Republic Credit Corporation. Defendant Northeast filed a petition in bankruptcy on August 19, 1991.
Plaintiff Republic Credit Corporation, as assignee of a promissory note (note), brings this action for damages against defendants Stanley Goldberg, Edward McCarty, Stephen Rosenberg and Gerald Krawitz, as guarantors, for the unpaid balance of the debt due on the note.
The defendants have filed motions for summary judgment on the ground that the plaintiffs action is barred by the statute of limitations. The plaintiff has filed an objection to the defendants' motions for summary judgment on the ground that the statute of limitations period for enforcing a demand note is ten years from the date of the last payment.
"[S]ummary judgment shall be rendered forthwith if the pleadings, CT Page 5393 affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Milesv. Foley, 253 Conn. 381, 385-86, 752 A.2d 503 (2000); see also Practice Book § 17-49. "Summary judgment may be granted where the claim is barred by the statute of limitations." Doty v. Mucci, 238 Conn. 800,806, 679 A.2d 945 (1996).
The defendants claim that the plaintiffs action is barred by the six year statute of limitations period governing simple contracts as set out in General Statutes § 52-576. Section 52-576 provides in relevant part that "[n]o action . . . on any simple . . . contract, or on any contract in writing, shall be brought but within six years after the right of action accrues. . . ." Specifically, the defendants argue that as soon as the note was in default, an action could be maintained against the defendants for the payment of the debt due on the note under the terms of the note and their guaranty agreements.[1]
The defendants claim that a right of action accrued on August 19, 1991, when Northeast filed a petition for bankruptcy, and that, because the present action was not commenced until November 22, 1999, more than six years after the right of action accrued, the present action is time barred.
In response, the plaintiff contends that, because the note is a demand note, under the language of § 42a-3-118, the present action must commence within six years of the demand or ten years from the date of the last payment. Specifically, the plaintiff asserts that, because demand for payment has never been made upon the defendants, the statute of limitations period is ten years from the date of the last payment made by the defendants, which is alleged to be on April 24, 1991.
The plaintiffs action is based on guaranty agreements signed by the defendants, not on the note. It is an action for a breach of contract.Garofalo v. Squillante, 60 Conn. App. 687, 694, 760 A.2d 1271 (2000) ("A guaranty is merely a species of contract."). The governing statute of limitations, therefore, is § 52-576, for actions based on a breach of contract, not § 42a-3-118, for actions based on commercial paper. SeeAssociated Catalog Merchandisers, Inc. v. Chagnon, 210 Conn. 734, 746 n. 6, 557 A.2d 525 (1989) ("[A] guaranty on [a] promissory note is subject to [the] predecessor to General Statutes § 52-576 pertaining to action on simple contracts."); Garofalo v. Squillante, supra,60 Conn. App. 692.
"In the case of a continuing guaranty, the statute [of limitations] does not commence to run in favor of a guarantor until there is a default in payment by the principal, and a cause of action has accrued against CT Page 5394 the former." (Internal quotation marks omitted.) Associated CatalogMerchandisers, Inc. v. Chagnon, supra, 210 Conn. 745-46. "The true test for determining the appropriate date when a statute of limitations begins to run is to establish the time when the plaintiff first could have successfully maintained an action. That is, an action cannot be maintained until a right of action is complete. . . ." (Internal quotation marks omitted.) Garofalo v. Squillante, supra, 60 Conn. App. 694. "In an action for breach of contract, the cause of action is complete upon the occurrence of the breach, that is, when the injury has been inflicted." (Internal quotation marks omitted.) Id.
In the present case, it is undisputed that each one of the aforesaid defendants signed an agreement guaranteeing the payment of the note to the plaintiff. Moreover, it is undisputed that Northeast defaulted under the terms of the note on August 19, 1991, when it filed a petition for bankruptcy, which, in turn, permitted the plaintiff, under the terms of the defendants' guaranty agreements, to bring an action against the defendants, as guarantors, for the payment of the debt due on the note. An action first could have been maintained against these defendants as early as August 19, 1991 — the date of the default, i.e., the injury, Garofalo v. Squillante, supra, 60 Conn. App. 694. However, the plaintiff did not commence an action against them until November 22, 1999, more than six years after the default.
The court finds that because no viable genuine issue of material fact exists challenging the proposition that the six-year statute of limitation applies to this case, and because this case was not commenced within said six-year period of time, the court must accept the defendants' arguments in support of their motions for summary judgment. See Burns v. Hartford Hospital, 192 Conn. 451, 452, 472 A.2d 1257 (1984)
Accordingly, for the foregoing reasons, the Motion for Summary Judgment (no. 174) of defendants Edward J. McCarty and Stanley M. Goldberg, and the Motion for Summary Judgment (no. 177) of defendants Stephen Rosenberg and Gerald Krawitz are granted.
___________________, Judge Clarance J. Jones