[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Nicholas and Sandra Mastroianni, commenced this action by service of process on the defendants, Rowland B. Mayor, M.D. (Mayor), the Center for Orthopaedics, P.C. (Center) and the Hospital of Saint Raphael (hospital), on October 22, 1999. On February 3, 2000, the plaintiffs filed a revised three count complaint against the defendants. This action arises out of surgery allegedly performed on the wrong knee of the plaintiff, Nicholas Mastroianni. Count one alleges that on September 22, 1997, Mayor was a duly licensed physician who was acting within the scope of his authority for the center when, on that date, Mayor negligently performed orthoscopic surgery on Nicholas Mastroianni's CT Page 2199 right knee, rather than the injured left knee. This resulted in various injuries to the right knee and forced Nicholas Mastroianni to undergo further surgery on the left knee on the same day. Count two, directed against the hospital, alleges that the hospital failed to insure that the orthoscopic surgery would be performed on the proper knee. In count three, Sandra Mastroianni alleges a loss of consortium claim against all three defendants. On March 16, 2000, the hospital filed a motion for summary judgment on the ground that counts two and three are barred by the two year statute of limitations set forth in General Statutes §52-584. The plaintiff filed a memorandum in opposition on March 30, 2000. On February 14, 2000, Mayor and the center filed an amended answer and two special defenses, asserting that counts one and three are barred by General Statutes § 52-584, and, on February 15, 2001, the hospital filed its answer and asserted the same special defenses. On September 8, 1999, the plaintiffs filed a petition pursuant to General Statutes §52-190a (b), requesting a ninety day extension of the statute of limitations to allow a reasonable inquiry into the plaintiffs' claims. The petition was granted by the court on September 9, 1999.
A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried."Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989). "Summary judgment may be granted where the claim is barred by the statute of limitations." Doty v. Mucci, 238 Conn. 800, 806, 679 A.2d 945 (1996). Summary judgment is appropriate on statute of limitation grounds when the "material facts concerning the statute of limitations [are] not in dispute. . . ." Burns v. Hartford Hospital, 192 Conn. 451, 452,472 A.2d 1257 (1984).
General Statutes § 52-584 provides, in pertinent part, "[n]o action to recover damages for injury to the person, or to real or personal property, caused by negligence . . . or by malpractice of a physician . . . shall be brought but within two years from the date when the injury is first sustained or discovered. . . ."
The hospital contends that the complaint was served on it on October 22, 1999, more than two years after the date of the alleged incident, September 22, 1997. In addition, it alleges that the petition for extension only named Mayor and the center and that the extension of time applies only to those defendants. Therefore, the hospital argues that the motion for summary judgment should be granted since the hospital was not named in the petition.
The plaintiffs do not dispute that their action was commenced untimely pursuant to § 52-584. The plaintiffs argue, however, that their action is saved by the timely filing of a petition for an extension of the CT Page 2200 statute of limitations pursuant to § 52-190a (b).[1] Further, they argue that prior to the ninety day extension period, a plaintiff may not know all the potential defendants, therefore, some defendants may be unnamed on the extension petition. Accordingly, the plaintiffs conclude that the motion for summary judgment should be denied.
The extension petition in the present case provides, in pertinent part, that "[t]he injuries and damages sustained by plaintiff Nicholas Mastroianni may have been caused by the negligence of the following defendant: Rowland B. Mayor, M.D.; Center for Orthopaedics P.C., its agents, servants and/or employees, or by other . . . hospitals and facilities." "[S]ection 15-190a requires that an attorney, before filing an action to recover damages based on alleged negligence of a health care provider, make a reasonable inquiry to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant. The statute further requires that the complaint contain a certificate of the attorney that such reasonable inquiry gave rise to a good faith belief that grounds exist for an action against each named defendant." Brittain v. Hospital of Saint Raphael,
Superior Court, judicial district of New Haven, Docket No. 413933 (April 25, 2001, Devlin, J.). In order for a reasonable inquiry to be made, § 52-190a (b) allows for an automatic ninety day extension.
There is a split of authority among Superior Court decisions regarding the applicability of § 52-190a to unnamed parties and the issue has never been addressed by the appellate court. The majority of Superior Court cases have held that § 52-190a (b) is applicable to all potential unnamed parties. See, e.g., Blake v. Bindelglass, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 380046 (July 12, 2001, Thim, J.); Brittain v. Hospital of Saint Raphael, supra, Superior Court, Docket No. 413933; Lucid v. Arthritis Center of Conn.,
Superior Court, judicial district of Waterbury, Docket No. 153804 (October 10, 2000, Wiese, J.); Falzone v. Hoos, Superior Court, judicial district of New Haven, Docket No. 368957 (March 27, 1998, Devlin, J.);Hagbourne v. Campbell, Superior Court, judicial district of Waterbury, Docket No. 132593 (January 6, 1998, Kulawiz, J.); Burton v. West HartfordObstetrics Gynecology, P.C., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 392280 (August 1, 1994,Corradino, J.).
In Blake v. Bindelglass, the court emphasized that "the petition applies to the cause of action and not merely to the defendants named in the petition." Blake v. Bindelglass, supra, Superior Court, Docket No. 380046. In another case, the court determined that "the naming of one health care provider in the plaintiff's petition was surplusage. The timely filing of the petition served to extend the statute of limitations CT Page 2201 against all health care providers, named and unnamed." (Emphasis added.)Falzone v. Hoos, supra, Superior Court, Docket No. 368957. "[T]he attorney filing a petition for an extension of time need not name the health care provider against whom the attorney may expect to file an action. . . . Were the rule to be that an attorney seeking an extension . . . was required to name in his petition every defendant against whom his reasonable inquiry might indicate liability, there is little doubt but that the medical malpractice bar would, with Pavlovian predictability, name every health care provider anywhere in the geographical [area]." Lucid v. Arthritis Center of Conn., supra, Superior Court, Docket No. 153804.
The defendants rely on Perfetto v. Daoud, where the court held "[t]he statute seems quite clear that the petition for extension under subsection (b) relates directly to the reasonable inquiry required by subsection (a), and therefore any extension would be limited to `each named defendant' against whom an action is contemplated." Perfetto v.Daoud, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 367421 (February 24, 1993, Wagner, J.). Additionally, that court stated that "if certain defendants are named in the petition for extension, the benefit of such extension may not be claimed for other defendants not so named." Id. The extension petition inPerfetto, however, lacked the broad, inclusive language employed in the petition in the present case. Additionally, the holding in Perfetto is within the minority, because the majority of Superior Court cases have held that the extension petition need not exclusively list all potential defendants.
The motion for summary judgment is denied because an exclusive list of all the defendants need not be included on the extension petition pursuant to General Statutes § 52-190a (b).
 ___________________ Howard F. Zoarski Judge Trial Referee