[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #167
The plaintiff in this case alleges that he sustained serious injuries when he fell through an open stairway hole in a house which was under construction. The plaintiff alleges that he was on the premises responding to a call in his capacity as a volunteer fire/police officer for the Town of Branford.
The defendants are the owners of the premises, Joseph and Mary Beth Canavan, the general contractor, Barrett Ertelt, d/b/a, Hallmark Associates, the subcontractors which were to install the stairway, West Hartford Stair's Cabinets, Inc. and the framing subcontractor, Leonard Cottiero.
The defendants, Canavan and Ertelt have filed a motion for summary judgment in their favor. However, at oral argument the motion on behalf of Ertelt was withdrawn without prejudice thus leaving for the court's consideration the motion for summary judgment as to the Canavans only.
The Canavans claim in their motion that they are not liable to the plaintiff as property owners because; (1) the plaintiff was a trespasser at the time of the incident; and (2) even if the plaintiff was not a trespasser, his claim is barred by the firefighter's rule.
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the non-moving party." HertzCorp. v. Federal Insurance Co., 245 Conn. 374, 381 (1998). In order to determine what if any, duty of care the Canavans owed to the plaintiff, his status on the premises at the time of his fall must be determined. The Canavans claim that he was a trespasser, the plaintiff claims that he CT Page 7346 was a licensee.
Based upon the documents and deposition transcripts filed both in support and in opposition to this motion, construed in the manner most favorable to the plaintiff, the following facts emerge.
On June 21, 1997, two volunteer firefighters from the Town of Branford, Stackpole and Hotz, responded to a call that a tree branch had fallen on a power line on Selden Ave. Both Stackpole and Hotz were dressed in fire gear and arrived in a fire truck. Stackpole and Hotz determined that they needed to call CLP which they did. While awaiting the arrival of CLP, Hotz suggested to Stackpole that they tour the Canavans' house at 1 Selden Avenue in order to further Stackpole's training. The Canavans' house was under construction at the time and Hotz and Stackpole did not have anyone's permission to enter the premises.
Shortly after Stackpole and Hotz entered the premises the plaintiff came along and followed them in. While in the premises the plaintiff fell through an open staircase hole falling to the basement from the first floor.
Based upon the foregoing facts, the defendants, Canavan, claim that the plaintiff was a trespasser and thus their only duty to him was to refrain from causing injury to him either wilfully or by willful, wanton or reckless conduct. Maffucci v. Royal Park L.T.D. Partnership, 243 Conn. 552,558 (1998). The allegations of the first count of the complaint against the Canavans make no such allegations nor would such allegations, if made, be supported by the above facts.
The plaintiff claims, however, that the evidence would support a finding by the trier of fact that he was lawfully on the premises in the exercise of his duties as a volunteer fire/police officer and thus pursuant to the "firefighter's rule" he enjoyed the status of a licensee. See Furstein v. Hill, 218 Conn. 610 (1991).
The plaintiff argues that there is evidence from which the trier could find that the plaintiff, upon his arrival, observed Stackpole and Hotz either in the premises or entering the premises and thus reasonably believed that the call related to those premises and therefore his entry was to assist them. Thus the plaintiff claims that while Stackpole and Hotz may have been trespassers, he was not, as he believed he was lawfully on the premises in the discharge of his duties.
However, while an argument can be made that the plaintiff's status on the premises is a question of fact, this court is of the opinion that he cannot prevail as against the Canavans even if it develops that he was a CT Page 7347 licensee.
"If the licensor actually or constructively knows of the licensee's presence on the premises, . . . the licensor must use reasonable care `both to refrain from actively subjecting his to danger and to warn him of dangerous conditions which the possessor knows of but which he cannot reasonable assume that the licensee knows of or by reasonable use of his faculties would observe.'" (Citations omitted). Morin v. bell CourtCondominium Assn., Inc., 223 Conn. 323, 329 (1992).
In their affidavits filed in support of their motion for summary judgment both Joseph and Mary Beth Canavan state that they gave no permission for anyone to enter their premises and that they had no knowledge that Stackpole, Hotz or the plaintiff were on the premises. Furthermore, the deposition testimony of both Stackpole and Hotz was to the effect that the lighting conditions were such that the opening through which the plaintiff fell was open and obvious.
The plaintiff on the other hand has presented nothing to contradict the affidavit of the Canavans to the effect that they had no knowledge of, or notice of the plaintiff's presence on their property. While the party seeking summary judgment has the burden of showing the absence of any genuine issue of material fact and he is therefore entitled to judgment as a matter of law, the party opposing the motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Appleton v. Board of Education, 254 Conn. 205, 209
(2000). A party's conclusory statement that there exists an issue of fact is not sufficient. Guptor v. New Britain General Hospital, 239 Conn. 574,583 (1996).
It is not sufficient, under the circumstances of the case to argue, as does the plaintiff, that there exists an issue of fact as to the Canavans' knowledge or lack thereof of the plaintiff's presence because their affidavits are self serving and such statements may not be believed by the trier of fact. The plaintiff must produce some evidence from which an issue of fact is created as to their knowledge or lack thereof. The Canavans' affidavits, if sufficient to entitle them to judgment, cannot be rebutted by the bold statement that an issue of fact exists. Burns v.Hartford Hospital, 192 Conn. 451, 455 (1984).
Therefore, even if the plaintiff was a licensee, since there is no genuine issue of fact as to the Canavans' lack of knowledge of the plaintiff's presence on their premises, the Canavans are entitled to judgment as a matter of law.
Therefore, as to the defendants Joseph Canavan and Mary Beth Canavan, CT Page 7348 the motion for summary judgment is granted. As to the defendant Barrett Ertelt, d/b/a Hallmark Associates, the motion for summary judgment has been withdrawn without prejudice to be re-filed within 30 days of June 4, 2002.
Thompson, J.