[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT #118
 FACTS
On June 6, 2000, the plaintiffs Elaine Rasco and Michael Rose,[1]
filed a complaint against the defendant, Gregory Azia, M. D. In count one of the complaint, Rasco (plaintiff) alleges that the defendant, a CT Page 8176 physician and surgeon duly licensed to practice medicine in the state of Connecticut, undertook her medical care and treatment from December, 1993 through November, 1995. The plaintiff alleges that, while under the defendants care, she "suffered severe, serious, painful and permanent injury" resulting from an improperly performed right cervical lymph node biopsy. The plaintiff further alleges that from 1995 through 1999, the defendant owed her "a continuous duty to disclose the cause of her nerve injury."
On January 11, 2002, the defendant filed a motion for summary judgment on the ground that the plaintiffs action is barred by the statute of limitations. In support of his motion, the defendant submitted a memorandum of law and attached numerous exhibits including the plaintiffs medical records and a letter the plaintiff sent to the defendant. On March 1, 2002, the plaintiff filed a memorandum of law in opposition to the defendant's motion for summary judgment. The plaintiff argues that this action is not barred by the statute of limitations because the three year statute of limitation in General Statutes § 52-584 was tolled until she discovered her injury. The plaintiff attached numerous exhibits including deposition testimony of both herself and the defendant. On March 4, 2002, the defendant filed a reply to the plaintiff's memorandum in opposition to the defendant's motion for summary judgment and attached excerpts from his own deposition testimony.
 DISCUSSION
Summary judgment is appropriate on statute of limitation grounds when the "material facts concerning the statute of limitations [are] not in dispute. . . ." Burns v. Hartford Hospital, 192 Conn. 451, 452,472 A.2d 1257 (1284). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted.)Buell Industries, Inc. v. Greater New York Mutual Ins. Co., 259 Conn. 527,550, 791 A.2d 489 (2002). "A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." Practice Book § 17-45
The defendant moves for summary judgment arguing that the plaintiffs action is barred by the applicable statute of limitations, General Statutes § 52-584. In opposition, the plaintiff argues that this CT Page 8177 action is not barred by the statute of limitations because the statute does not begin to run until the plaintiff knows or should know of an actionable wrong.
General Statutes § 52-584 provides that "[n]o action . . . caused by negligence . . . or by malpractice of a physician . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered. . . ." The Supreme Court "has construed the word `injury' in General Statutes § 52-584 . . . to refer to some form of actionable harm. . . . `Actionable harm' occurs when the plaintiff discovers, or in the exercise of reasonable care should have discovered, the essential elements of a cause of action. The statute begins to run when the plaintiff discovers some form of actionable harm, not the fullest manifestation thereof" (Citation omitted; internal quotation marks omitted.) Merly v. State, 211 Conn. 199, 205-6, 558 A.2d 977
(1989). "The focus is [therefore] on the plaintiffs knowledge of facts, rather than on discovery of applicable legal theories." (Internal quotation marks omitted.) Catz v. Rubenstein, 201 Conn. 39, 47, 513 A.2d 98
(1986).
In the present case, a genuine issue of material fact exists as to when the plaintiff discovered, or in the exercise of reasonable care should have discovered, that she sustained an actionable harm. It is undisputed that from 1993 through 1995, the plaintiff was a patient of the defendant. (Plaintiff's exhibit D, deposition of Elaine Rasco, April 17, 2001, p. 38; plaintiffs exhibit B, deposition of Gregory Azia, July 24, 2001, p. 28.) Further, the parties agree that the alleged negligent act complained of, the right cervical lymph node biopsy, was performed in 1995. The parties dispute, however, when the plaintiff first discovered an injury or actionable harm. The defendant argues that the plaintiffs medical records demonstrate that as early as 1996, she had sufficient facts putting her on notice of the nature and extent of her injury. In support of his motion for summary judgment, the defendant submits the plaintiffs medical records that indicate that she sought medical treatment for long thoracic nerve palsy in 1996. (Defendant's exhibit C.) Further, the defendant submits a letter drafted by the plaintiff on October 29, 1999, in which the plaintiff states that she "remember[s] thinking right away that something was not right. I could barely lift my arm, my neck was killing [me] and I had this bone sticking out of my back." (Defendant's exhibit A.)
The plaintiff argues in opposition that she did not know that she had sustained injury from the 1995 right cervical lymph node biopsy until 1999 when the defendant disclosed to her that she was injured during that procedure. In her deposition, the plaintiff testifies that she was unaware CT Page 8178 of the nature or cause of her injury prior to 1999. (Plaintiff's exhibit D, deposition of Elaine Rasco, p. 52.) She therefore argues that within two years of discovering that she suffered an actionable harm, she filed suit.
After reviewing the medical records and deposition testimony submitted in support of, and in opposition to, the defendant's motion for summary judgment, the court concludes that there is a genuine issue of material fact concerning when the plaintiff discovered, or in the exercise of reasonable care should have discovered, that she sustained an actionable harm. The conflicting evidence submitted "represents an issue about which reasonable minds could differ, and [therefore] constitutes a genuine issue of material fact." Mullen v. Horton, 46 Conn. App. 759, 771,700 A.2d 1377 (1997). Accordingly, a determination of when the plaintiff discovered, or in the exercise of reasonable care should have discovered that she sustained an actionable harm, as an issue of fact, is properly left to the trier of fact.
General Statutes § 52-584 further provides that "[n]o action . . . caused by negligence . . . or by malpractice of a physician . . . may be brought more than three years from the date of the act or omission complained of. . . ." "The relevant date of the act or omission complained of, as that phrase is used in § 52-584, is the date when the negligent conduct of the defendant occurs and . . . not the date when the plaintiff first sustains damage. . . . Therefore, an action commenced more than three years from the date of the negligent act or omission complained of is barred by the statute of limitations contained in §52-584, regardless of whether the plaintiff had not, or in the exercise of care, could not reasonably have discovered the nature of the injuries within that time period." (Citations omitted; internal quotation marks omitted.) Witt v. St. Vincent's Medical Center, 252 Conn. 363, 369,746 A.2d 753 (2000).
As previously stated, the alleged negligent act complained of, the right cervical lymph node biopsy, was preformed in 1995. The plaintiff subsequently commenced this medical malpractice suit against the defendant in June, 2000. Pursuant to § 52-584, this action is barred because it was commenced more than three years from the date of the negligent act complained of "[A] statute of limitations or repose may [however] be tolled under the . . . continuing course of conduct doctrine, thereby allowing a plaintiff to commence his or her lawsuit at a later date. . . ." (Citation omitted; internal quotation marks omitted.) Id.
The defendant argues that the three year statute of repose is not tolled because he was not aware of any injury to the plaintiff prior to CT Page 8179 the termination of their relationship in 1995, and without knowledge of the plaintiffs injury, he did not owe the plaintiff a continuing duty that tolled the statute of limitations. The plaintiff alleges that the defendant knew he injured her in 1995, and wrongfully omitted telling her. This omission, the plaintiff argues, constitutes a continuing course of conduct in which the defendant failed to disclose what he knew, thereby tolling the statute of limitations until disclosure was made to her in 1999. Consequently, the plaintiff argues that the three year period of repose was tolled, allowing her to commence suit at a later date.
"[T]o support a finding of a continuing course of conduct that may toll the statute of limitations there must be evidence of the breach of a duty that remained in existence after commission of the original wrong related thereto. That duty must not have terminated prior to commencement of the period allowed for bringing an action for such wrong. . . . Where we have upheld a finding that a duty continued to exist after the cessation of the act or omission relied upon, there has been evidence of either a special relationship between the parties giving rise to such a continuing duty or some later wrongful conduct of a defendant related to the prior act." (Internal quotation marks omitted.) Witt v. St. Vincent's MedicalCenter, supra, 252 Conn. 369-70. "In determining whether the continuing course of conduct doctrine applies to toll the repose section of the statute of limitations contained in § 52-584, we have thrice held, in the medical treatment context, that continuing wrongful conduct may include acts of omission as well as affirmative acts of misconduct." (Internal quotation marks omitted.) Id., 371.
In the present case, a genuine issue of material fact exists as to whether the defendant had notice of the plaintiffs injury in 1995, thus tolling statute of repose under the continuing course of conduct doctrine. In his deposition, the defendant testifies that when he last saw the plaintiff in 1995, there was "by no means . . . any indication . . . that there was an injury to the spinal accessory nerve." (Plaintiff's exhibit B, deposition of Gregory Azia, p. 117.) In her deposition, the plaintiff testifies that in 1995, the defendant "knew [he] burnt . . . or cut" her during the lymph node biopsy. (Plaintiff's exhibit B, deposition of Elaine Rasco, pp. 52-55.)
After reviewing the evidence submitted in support of, and in opposition to, the defendant's motion for summary judgment, the court concludes that there is a genuine issue of material fact concerning when the defendant became aware that the plaintiff sustained injury from the 1995 right cervical lymph node biopsy. Consequently, there is a question of material fact regarding the applicability of the continuing course of conduct doctrine. Resolution of the issue of fact is properly left to the trier CT Page 8180 of fact.
 CONCLUSION
For the reasons set forth above, the defendant's motion for summary judgment is denied.
D. Michael Hurley, Judge Trial Referee